Slaght v. Robbins.

---

BARNT SLAGHT v. EZEKIEL ROBBINS.

Where the constable returned, that he had " served the summons on the defendant by offering to read the same to him, but he would not stay to hear it," such is a good and sufficient service and return.

There is no such writ, as an alias certiorari. The court will allow such a writ to be amended, and to be made conformable to the rule of court.

---

This was a certiorari directed to justice Rogers to remove a judgment, rendered by him in the court for the trial of small causes.

*J. F. Randolph*, for the plaintiff in certiorari.

*Daniel B. Ryall*, for the defendant.

HORNBLOWER, C. J. The plaintiff in certiorari seeks to reverse this judgment on two grounds. 1st. That the summons was not legally served; and 2dly, that the justice adjourned the cause in the absence of defendant, and then proceeded on the day to which he had adjourned the cause, to give judgment against the defendant without giving him any notice of the adjournment. The validity of the 2d reason depends on the sufficiency of the 1st. If the defendant was legally summoned it was his own fault that he had not notice. He ought to have attended and he would then have known the time to which the cause was adjourned. The question then arises, was the summons legally served ? The constable returned, that he had " served the summons on the defendant by offering to read the same to him, but he would not stay to hear it." The act of assembly points out two modes of service : 1. by reading it to the defendant if found and giving him a copy if required; and 2dly, by leaving a copy at his residence, &c. The object of the summons is to give notice to the

defendant, and when the constable finds or meets with him, and thus has an opportunity of making a personal service, it is his duty to do so, and it is better service so far as the defendant is concerned, than service by leaving a copy at his place of residence. In this case the defendant refused to remain and hear the summons read to him, he would not stay to hear it; and without furnishing the court with any reason or excuse for his doing so, he now seeks a reversal of the judgment because the summons was not read to him; thus attempting to taking advantage of his own improper conduct. We are of opinion the service was sufficient, and his not knowing of the adjournment was his own folly. Let the judgment be affirmed.

It appears in this case the original certiorari was lost and a rule of this court was granted in May term, 1831, that a new certiorari should issue by way of substitute. By mistake an alias certiorari was issued, this was wrong; there is no such writ as an alias certiorari. Let the certiorari be amended and made conformable to the rule of court.

CITED in *Neighbour* v. *Trimmer*, 1 *Harr.* 59.