SARAH MATILDA MYGATT ET AL., TRUSTEES, &c., v. EDWARD PRIME COE ET AL., HEIRS AND DEVISEES, &c.

Argued February 28, 1899—Decided June 12, 1899.

Section 49 of our Practice act provides that the service of summons upon a defendant shall be made either upon him in person or by leaving it at his dwelling-house or usual place of abode. *Held,* that the dwelling-house or usual place of abode of a defendant within the meaning of the statute, is the place where he is actually living at the time when the service is made.

On rule to show cause.

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiffs, *Willard P. Voorhees.*

For the defendants, *McGee, Bedle & Bedle.*

The opinion of the court was delivered by

GUMMERE, J. This is an application to set aside the service of a summons upon the defendant Edward Prime Coe, as not having been made in conformity to the provision of the statute regulating the subject. Section 49 of our Practice act provides that a copy of the writ "shall be served upon the defendant in person or left at his dwelling-house or usual place of abode."

The service in the present case was made by exhibiting the writ and delivering a copy thereof on November 28th, 1898, to one Smullen, who was an employe of the defendant. The question in dispute is whether the place of delivery was at the dwelling-house or usual place of abode of the defendant.

The testimony taken on this rule shows that the defendant, for a period of several years prior to 1896, resided at the town of Englewood, in this state; that during that year, having rented his house, he removed to the home of his step-mother, in the adjoining borough of Englewood Cliffs, and continued to reside there until October 1st, 1898; that on the latter date he removed with his family to the city of New York and took up his abode in an apartment house in that city, where he has remained until the present time; that when he removed to New York he left his horses at Engle-wood Cliffs, at the stables upon his stepmother's premises, in charge of Smullen, who was also left in charge of the house, it being unoccupied after the defendant's departure; that the house was still unoccupied at the time of the service of the writ, and that the service was made upon Smullen while he was upon the premises.

It is argued on behalf of plaintiffs that there is nothing in the testimony which justifies the conclusion that the defendant, by removing to New York with his family, intended to abandon, or did in fact abandon, his residence at Englewood, and that this being so, a service at that residence was valid even if the house itself was closed. But, assuming the fact to be as argued, we think that the contention based upon it cannot be supported. The statute does not direct service to be made at the "residence" of the defendant, but at his dwelling-house or usual place of abode, which is a much more restricted term. As was said in *Stout* v. *Leonard*, 8 *Vroom* 492, many persons have several residences which they permanently maintain, occupying one at one period of the year and another at another period. Where such conditions exist a summons must be served at the dwelling-house in which the defendant is living at the time when the service is made.

In the present case, whether the defendant Coe did or did not retain his residence in New Jersey, notwithstanding his removal with his family to New York, it is quite apparent that his dwelling-house or usual place of abode at the time of the service of the summons was not the unoccupied residence of his stepmother at Englewood, from which he had removed two months previously, but the apartment house in New York, where he was at that time living with his family.

The rule to show cause should be made absolute and the service of the summons set aside.