ANDREW HANIKA, APPELLEE, V. LINCOLN TRACTION COMPANY, APPELLANT.

FILED JUNE 19, 1915.   No. 18177.

1. **Appeal: INSTRUCTIONS: OBJECTIONS: WAIVER.** It is the duty of the trial court, when charging the jury, to state the issues with reasonable definiteness, and a failure so to do may constitute reversible error; but, in order to be available as such, the attention of the court must be called to its oversight at the time the instructions are given. A failure on the part of the parties to so act will amount to a waiver of the error.

2. **Trial: REFUSAL OF INSTRUCTIONS.** The instructions requested by defendant and refused by the court, referred to in the opinion, *held* properly refused.

3. **Appeal: CONFLICTING EVIDENCE.** "Where the evidence is fairly conflicting, the judgment will not be reversed merely because in this court the preponderance seems probably to have been in favor of the unsuccessful party in the district court." *Greer v. Winter,* 49 Neb. 705.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*C. S. Allen, O. B. Clark, Frederick Shepherd* and *Field, Ricketts & Ricketts,* for appellant.

*Strode & Beghtol, contra.*

FAWCETT, J.

From a judgment of the district court for Lancaster county, in favor of plaintiff, in an action for personal injuries, defendant appeals.

Plaintiff and a friend were walking west on the sidewalk on the north side of P street, in the city of Lincoln. As they reached Twenty-seventh street (which runs north and south and is traversed by a double track) they appear to have been engaged in a more or less earnest conversation. Plaintiff testified that when they reached the street intersection he looked both ways; that he saw a car coming from the north, but did not see any coming from the south. They started across the street, and just as they had crossed the east track and had reached a point between that and the west track, the south-bound car on the west track came to a stop directly in front of them, which prevented them from proceeding, and immediately the north-bound car on the east track was upon them. The result was that plaintiff fell, and his foot was run over by the north-bound car. The foot was so severely injured that it had to be amputated. The recovery was for $4,000. No complaint is made as to the amount of the recovery. The allegations of negligence pleaded in the petition, stated succinctly, are: (1) That the south-bound car was negligently stopped in front of plaintiff at the intersection at Twenty-seventh and P streets; (2) that the speed of the north-bound car was excessive; (3) that no warning of the approach of the north-bound car was given; and (4) that the motormen on both cars were, or should have been, aware of plaintiff's situation between the tracks, and should have so operated their cars as not to pass each other when he was between them.

The court stated the issues to the jury thus: "(1) In this action the plaintiff sues the defendant for damages, and for hospital and surgical expenses, in the sum of $15,510 alleged to be due to injuries received by the plaintiff from the careless and negligent operation of street cars by the defendant's servants at Twenty-seventh and P streets in the city of Lincoln, on the 24th day of May, 1911. (2) For answer to plaintiff's said petition the defendant denies each and every allegation therein, except that it is a corporation and operates a street railway in the city of Lincoln. Defendant alleges that it was carelessness and

negligence for the plaintiff to attempt to cross defendant's tracks while two street cars were approaching the crossing from opposite directions at the usual rate of speed, under the existing conditions. These pleadings tender the issues which you are to determine by your verdict."

By instruction No. 4 the jury were told: "You are instructed that the burden of proof in this case is upon the plaintiff to prove by a preponderance of the evidence all the material allegations in his petition: That is to say, that at the time of the accident alleged the defendant was guilty of negligence, as stated in the petition; that, as the proximate result of such negligence, the plaintiff sustained injuries, as alleged in the petition, and by reason of said injuries the plaintiff has been damaged, as alleged in the petition; and the amount of such damages. When the plaintiff has so shown these facts, then the burden of proof is upon the defendant to prove by a preponderance of the evidence the allegations of its answer constituting its defense to plaintiff's action: That is to say, that any injuries received by the plaintiff were the proximate result of his own negligence, or that his own negligence contributed thereto as a proximate cause thereof. If, however, the plaintiff's own testimony shows that he was guilty of negligence at the time of the accident, such evidence is to be considered by you as it may bear upon the question of plaintiff's negligence."

It is contended that these instructions did not state the issues raised by the petition. There is force in this contention, and if the failure to more definitely state the acts of negligence upon which plaintiff relied had been called to the attention of the court at the time, in the exceptions to the instructions presented by the defendant, or in a separate instruction tendered by it, and the court had then failed to state the issues more definitely, such failure might be urged here. But counsel for defendant did not do either. In 26 separate exceptions noted at the time, no reference whatever is made to this failure on the part of the court; nor was any instruction tendered. It was too late to complain for the first time in the motion for a new

trial. Moreover, it clearly appears from the bill of exceptions that defendant was not prejudiced by the failure referred to, as the particular acts of negligence alleged in the petition were fully tried by both parties, so that the jury could not have been misled by the manner in which the issues were stated.

It is urged that the jury disregarded the ninth instruction given by the court, as follows: "The plaintiff's view of both cars was unobstructed. It was his duty when approaching the tracks to look in both directions before attempting to cross, and failure to do so, under the circumstances, would be negligence." If this instruction stood alone, there would be force in defendant's contention; but it is followed by instructions 10 and 11, which accurately state the doctrine of the last clear chance. We think the evidence was sufficient to warrant the court in submitting this issue to the jury, and counsel for defendant evidently thought so too, as no error is assigned in that behalf. It follows that the contention as to instruction No. 9 must fail.

By the third assignment, it is contended that the court erred in refusing to give instruction No. 6, requested by defendant. This instruction was properly refused, as it assumed to determine a question of fact which was for the jury. The same is true as to the second, third and fourth instructions, requested by defendant and covered by assignment No. 4.

By assignment No. 5 it is urged that the verdict is not sustained by sufficient evidence. It would be of no benefit to the parties or to the profession to set out the evidence. As stated in the brief of defendant, the charge of negligence rests solely on the conduct of the two motormen. The evidence in relation thereto is conflicting. From a reading of the testimony of the witnesses, as shown in the record, it appears to us to preponderate in favor of the defendant, but that preponderance is not so great as to warrant us in setting aside the verdict of the jury, sustained by the trial court, all of whom had the advantage of hearing and observing the witnesses as they were giving their

testimony. Had we been thus favored, it might have impressed us as it did them. We cannot say that the verdict is clearly wrong.

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.