F. E. COMPTON & COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. S. VAUGHN HULSE AND "MARY" HULSE, HIS WIFE, THE NAME "MARY" BEING FICTITIOUS AS HER TRUE FIRST NAME IS NOT KNOWN TO PLAINTIFF, DEFENDANTS-APPELLEES.

Submitted January 29, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-appellant, *Lord & Lord*.

For the defendants-respondents, *Samuel H. Gooen* (*Saul Tischler*, of counsel).

PER CURIAM.

This is an appeal from an order of the Orange District Court setting aside a service of process. The return by the constable is as follows: "The said defendants S. Vaughn Hulse and 'Mary,' his wife, not being found, I served the within summons and state of demand November 17th, 1931, by leaving copies thereof at their residence with a member

of their family above the age of fourteen years, informing her of its contents. George H. Yates, constable."

Section 45 of the District Court act (2 *Comp. Stat., p.* 1966), so far as pertinent, provides as follows: "The summons shall be * * * served * * * by reading the same to defendant and delivering to him a copy thereof, if he or she shall be found, and if not found by leaving a copy thereof at his or her dwelling house or place of abode, in presence of some person of the family, of the age of fourteen years, who shall be informed of the contents thereof, * * *."

The affidavits upon which the motions were made are obviously bad. Therefore, there is nothing for us to look at beyond the return of the constable. We agree with the learned trial judge that the return does not show compliance with the statute.

The legislature has said in section 45 of the District Court act that the service could be made at the dwelling house or place of abode. The word "residence" used in the return does not follow the statute or mean the same thing. The statute requires service at the dwelling house or place of abode, for the very obvious reason that a residence may be a place where one does not dwell or abide. *Cadwalader* v. *Howell,* 18 *N. J. L.* 138.

"The statute does not direct service to be made at the 'residence' of the defendant, but at his dwelling house or usual place of abode, which is a much more restricted term. As was said in *Stout* v. *Leonard,* 37 *N. J. L.* 492, many persons have several residences which they permanently maintain, occupying one at one period of the year and another at another period. Where such conditions exist a summons must be served at the dwelling house in which the defendant is living at the time when the service is made." *Mygatt* v. *Coe,* 63 *N. J. L.* 510, 512; 44 *Atl. Rep.* 198.

The judgment below is affirmed with costs.