CAMDEN CITY DISTRICT COURT.

PHARES S. LEIDY, PLAINTIFF, v. THOMAS EDWARDS AND EARL V. SCOTT, JR., DEFENDANTS.

Decided April 29, 1946.

For the plaintiff. *Charles F. Richman.*

For the defendant Earl V. Scott, Jr., *Bennett Clark.*

MARTINO, D. C. J.   Suit was instituted by the plaintiff against both defendants on January 23d, 1946.   The action was based upon the alleged negligence of the defendants which resulted in property damage to an automobile owned by the plaintiff.

. Service was made upon the defendant Thomas Edwards on January 23d, 1946, by leaving a copy of the summons and state of demand with the wife of that defendant.   Service was made upon Earl V. Scott, Jr., on February 21st, 1946, by leaving a copy of the summons and state of demand with the step-mother of the defendant at his residence.

Counsel for the defendant Earl V. Scott, Jr., entered a special appearance on behalf of that defendant, contending

that the defendant Earl V. Scott, Jr., was a minor and had been arrested in the State of Texas on February 16th, 1946, and had been confined to the county jail at Brewster County, Texas, since the date of his arrest on February 16th, 1946, up to the present time.

Counsel for the defendant Earl V. Scott, Jr., submits the following reasons why the purported service upon that defendant should be quashed:

1. That the minor defendant was not served at his said dwelling house or place of abode.

2. That the service upon the said defendant because of his infancy should have been made in the presence of some competent person.

The fact of the defendant's incarceration in Texas at the time service was made was not disputed and the fact that he was a minor was also admitted.

*R. S.* 2:32–27; *N. J. S. A.* 2:32–27, applicable to the District Court, states that the summons shall be served upon the defendant at least five days before the time of appearance mentioned thereon by reading the same to the defendant and delivering to him a copy thereof, if he shall be found, and if not, by leaving a copy thereof *at his dwelling house or place of abode* in the presence of some person of his family of the age of fourteen years, who shall be informed of its contents.

This differs from *R. S.* 2:27–59; *N. J. S. A.* 2:27–59, applicable to courts generally, the provisions of which have been construed on many occasions by our courts.

Mr. Justice Voorhees, in commenting on *R. S.* 2:27–59; *N. J. S. A.* 2:27–59, said: "That statute directs that it (service) shall be made at the *'usual place of abode,'* not at his *'place of abode'." Feighan* v. *Sobers,* 84 *N. J. L.* 575; 87 *Atl. Rep.* 636, 637; *affirmed,* 86 *N. J. L.* 356; 91 *Atl. Rep.* 1068. "Abode" is one's fixed place of residence for the time being— the place where a person dwells. One's "usual place of abode" in the statutory view is the place where one is "actually living" at the time when the service is made. *Mygatt* v. *Coe,* 63 *N. J. L.* 510; 44 *Atl. Rep.* 198; *Sweeney* v. *Miner,* 88 *N. J. L.* 361; 95 *Atl. Rep.* 1014.

Since we are dealing with an issue in the District Court, the statute governing that court would control, and since the legislature has not seen fit to use the same language applicable to our other courts, it is this court's opinion that the defendant Earl V. Scott, Jr., was served at his place of abode, since it is not denied that the address where the summons was served was the defendant's fixed place of residence.

As to the second reason for quashing the purported service upon the defendant, it appears clear the legislature has never made any special provisions with respect to service of summons upon an infant. To quote Mr. Justice Parker in *McArdle Real Estate Co.* v. *McGowan*, 109 *N. J. L.* 595 (at *p.* 600); 163 *Atl. Rep.* 24, 26:

"The legislature has never made any special provision for lunatics or idiots or infants, with respect to service of summons, so far as we can discover, though as early as 1820 it took occasion to exempt idiots and lunatics from arrest on civil process, even at a time when arrest for debt was the common practice; *Rev. Laws* 1821, *p.* 698, § 8; *Rev. St.* 1847, *p.* 556, § 12; *Rev.* 1877, *p.* 605, § 20; *Janvier* v. *Coombs,* 31 *N. J. L.* 240, 242, 243; 2 *Comp. Stat., p.* 2794, § 20; and by an act of 1909 (*Pamph. L., p.* 313; 2 *Comp. Stat.* 1910, *p.* 2794 § 20a,), one adjudged a lunatic is exempt from suit for a month after appointment of guardian, unless the plaintiff obtains special leave of the court. * * * But in the absence of authority in this state, we consider that both legally and practically, service as prescribed by statute is sufficient. Legally, for the reasons just stated:, practically, because if the service is personal it conforms to the common law, and if made at the place of abode by leaving it with a competent person it is more likely to be turned over to an attorney."

The application of the defendant is, therefore, denied.