STATE ex rel. DEPARTMENT OF HIGHWAYS v. ZABLOUDIL et al.

No. 34362.    Feb. 26, 1952.

Rehearing Denied April 8, 1952.

*242 P. 2d 710.*

Mac Q. Williamson, Atty. Gen., and Finis O. Stewart, Asst. Atty. Gen., for plaintiff in error.

Cicero I. Murray, Lindsay, for defendants in error.

DAVISON, J.  This is an appeal from an order of the district court of Garvin county Oklahoma, vacating, because of lack of proper service of notice, a former order appointing appraisers to assess the damage to the lands of the defendants, Jake Zabloudil, Jr., and Elouise Zabloudil, husband and wife, Frances L. McClure, and Charles A. McClure, wife and husband, Jake Zabloudil, Sr., which would result from the appropriation thereof for highway purposes by the plaintiff, State of Oklahoma ex rel. Department of Highways of the State of Oklahoma. The parties will be referred to as they appeared in the trial court.

On November 1, 1948, plaintiff filed its verified petition seeking the condemnation for highway purposes, and the appraisement of injury to, certain lands belonging to the defendants. Therein it was specifically alleged that:

"Your petitioner further says and represents that it has made diligent effort in good faith to secure by purchase, from the said defendants, a right-of-way over and across the land above described, and that said defendants have refused and still refuse to grant to plaintiff the said right-of-way, necessary for said State Highway."

At the same time, it also filed a paper purporting to be an "Affidavit to Obtain Service by Publication." This contained the usual allegations and statements complying with the provisions of the Code of Civil Procedure with reference to service of summons by publication. It was neither signed nor verified. On the same date the district judge made an "Order for Notice by Publication." After finding that it was necessary for plaintiff to appropriate and use the specific land, the order contained the following recitals:

"And it further appearing that plaintiff has been unable with due diligence to obtain service of notice within this State upon the defendants. . . and that plaintiff has caused notice to issue to the Sheriff of Garvin County, Oklahoma, and same has been returned indorsed 'not found'.

"It is therefore ordered that service of notice herein be had upon said defendants by publication in the Pauls Valley Democrat, a newspaper, published, and of general circulation in said Garvin County, Oklahoma, for three consecutive weekly issues."

The notice was published in conformity with the provisions of the order. Subsequently, on December 17, 1948, commissioners were appointed to inspect and appraise the injury to defendants' property. After the commissioners had made their return, the defendants filed a motion seeking to vacate the order appointing appraisers and to quash the service of the notice upon which it was founded because there was no affidavit for service by publication and notice was insufficient to confer jurisdiction on the court to

make said order. On June 3, 1949, the motion was sustained, the original notice and service thereof were quashed, the order condemning the land and appointing commissioners was vacated and the report of said commissioners was set aside. From this latter order, plaintiff has perfected this appeal.

Only one question is here presented for determination, i. e.: Was the issuance and service of the notice herein sufficient to give the court jurisdiction to order condemnation and to appoint commissioners to appraise the injury? The method of appropriating private property by right of eminent domain is provided by special statutory provisions (66 O.S. 1941 §51 et seq.). It cannot be taken in any other manner nor can it be appropriated "without reasonable notice having been served upon all parties in interest." (Oklahoma Constitution, art. II, §24; Stedman v. State Highway Commission, 174 Okla. 308, 50 P. 2d 657.) The order from which this appeal was taken vacated the former order because "no affidavit to obtain service by publication was made and filed by plaintiff prior to the publication of the notice." This was based upon the conclusion that the general statutes with reference to service by publication were applicable herein.

However, condemnation proceedings being special in their nature are provided for by special statutes, and as was said in the case of State ex rel. v. O'Bannon, 182 Okla. 173, 77 P.2d 70:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and that the general statute does not apply."

Section 53 of Title 66 O.S. 1941 provides the procedure and the manner of service and the requirements of

notice in condemnation proceedings affecting "the owner of any real property or interest therein" who "shall refuse to grant the right of way through and over his premises." Section 60 of the same title provides such procedure and requirements in those cases wherein the property sought to be appropriated is that "of any nonresident owner who is unknown to the corporation, or who has not been by it informed thereof, and has neither granted nor refused to grant the right of way through and over his said premises." The two statutes not only apply to different situations but the length of notice also differs. Section 60 provides for four weeks notice while section 53 provides for such notice as the district judge may order. Which statute is applicable and what notice is necessary depends upon the facts in each particular case.

In the case at bar, facts are alleged in plaintiff's petition which would indicate that section 53 was the applicable statute. The order of the district judge was in conformity with all the provisions of said section and required that service of notice be had upon the defendants by publication in three consecutive weekly issues of a designated newspaper, published and of general circulation in the county where the land was situated and the proceedings were being had. There is nothing in the record which would indicate that the notice given, as required by the order, was unreasonable or that said section 53 was inapplicable. There is no provision of the statute which requires an affidavit or any other form of proof of the facts before the district judge fixes the length and manner of publication of the notice. It can be presumed that such proof was satisfactory to the district judge and was taken into consideration in making the order for notice by publication. The failure to file an affidavit for service by publication did not invalidate notice nor the order of condemnation and appointment of commissioners made in pursuance thereof.

The order appealed from is vacated and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

HALLEY, V. C. J. and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur. BINGAMAN, J., dissents.