KOCH et al. v. OKLAHOMA TURNPIKE AUTHORITY.

No. 35634.    May 12, 1953.

Rehearing Denied June 2, 1953.

*257 P. 2d 790.*

Young, Young & Young, Sapulpa, for plaintiffs in error.

Leon Shipp and C. E. Barnes, Oklahoma City, for defendants in error.

O'NEAL, J.   On the 30th day of July, 1951, the Oklahoma Turnpike Authority filed its petition in the district court of Creek county, whereby it sought to condemn the fee-simple title to surface rights of 8.74 acres of land situated in Creek county for its use and benefit

in the construction of its turnpike and also a temporary easement of 1.47 acres for the purpose of opening a stream channel.

Notice of the filing of the petition and application for the appointment of commissioners in condemnation was issued and served on all defendants. The record shows that defendant, Linda Kay Koch, is a minor six years of age and that upon application of both plaintiff and defendant Lydia Koch, mother of the minor defendant, a guardian ad litem was appointed for the purpose of representing the minor defendant in the proceeding.

The guardian ad litem contends that no proper service of notice was had on the minor, Linda Kay Koch. We shall later discuss this question.

Commissioners in condemnation were appointed by the judge of the court on August 27, 1951, to appraise and assess the damages which defendants might sustain by reason of the taking of their land and the commissioners appraised the damages in the sum of $750.

On December 17, 1951, Linda Kay Koch, a minor, by her guardian ad litem, joined by the other defendants, filed a motion to vacate and set aside the award of the commissioners. Their motion is based on numerous grounds which they contend renders the appointment of the commissioners and the appraisement made by them void. The trial court denied the motion.

Defendants appeal and rely for reversal on four separate and distinct propositions: (a) notice of the application for the appointment of the commissioners was not properly served on the minor defendant, Linda Kay Koch; (b) the commissioners appointed to appraise and assess damages did not take the oath required by statute until after the appraisement was made; (c) no bona fide effort was made by plaintiff to acquire the property by purchase prior to the institution of condemnation proceedings; and (d) plaintiff was without authority to condemn a temporary easement.

We shall consider these propositions in the order made. With reference to the first proposition the sheriff's return shows that he served notice of the application for the appointment of commissioners on the minor defendant, Linda Kay Koch, by serving Mrs. George Koch, mother of the defendant, by delivering a true copy of the foregoing notice to her to which was attached a copy of the petition filed in said cause. The trial court at the hearing of the motion permitted the sheriff to amend his return and show service upon Linda Kay Koch, a minor six years of age, by leaving a copy of the notice at her usual place of residence with a member of her family, her mother, a person over fifteen years of age. The amendment of the return was allowed by the court upon the testimony of the deputy sheriff as to the manner in which the notice was served. The deputy sheriff, however, testified that he served but one copy of the notice; that he did not serve a copy thereof personally upon the minor defendant, Linda Kay Koch.

It is not seriously contended by defendants that the court was without authority to allow the sheriff's return to be amended. It is their contention that the service on the minor defendant is void because she was not personally served with notice. It is argued that two notices should have been served by the sheriff, one personally upon the minor defendant and another upon her mother. In support of this contention they rely upon 12 O.S. 1951 §169, and authorities construing this section. It is the contention of plaintiff that this section is not applicable to the service of notice in condemnation proceedings; that 66 O.S. 1951 §53 is the applicable statute. This section provides in substance that notice of the application for the appointment of condemnation commissioners shall be served on the adverse party either by

personal service or by leaving a copy thereof at the usual place of residence with some member of his family over fifteen years of age.

It is argued by plaintiff that the section relied upon by defendants relates to the service of summons in a civil action; that a proceeding in condemnation is not a civil action but is a special proceeding; that the notice of appointment of commissioners in such proceeding is not governed by the section of the statute relied upon by the defendants but is governed by 66 O.S. 1951 §53, which is a special statute applicable to condemnation proceedings; that such special statute therefore must prevail over the general statute; that the service of the notice upon the minor defendant, Linda Kay Koch, was made in accordance with the provisions of §53, supra, and is therefore a valid service. We think this contention correct.

In State ex rel. Department of Highways v. Zabloudil, 206 Okla. 286, 242 P. 2d 710, we held:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply.

"Where, upon application for condemnation of land for highway purposes, the district judge makes an order, as provided by 66 O.S. 1941, §53, requiring service of notice of said proceedings to be had upon the defendants by publication in three consecutive weekly issues of a designated newspaper, such notice is not unreasonable and compliance therewith gives the court jurisdiction in the condemnation proceedings."

In that case it appears that the State Department of Highways sought to condemn certain land for use in the construction of a highway. Some of the defendants were nonresidents. The trial court ordered that service by publication be made as provided by 66 O.S. 1951 §53. No proper affidavit was filed in order to obtain service by publication. It was there contended that the service for this reason was void. In passing on this contention the court said:

" * * * There is no provision of the statute which requires an affidavit or any other form of proof of the facts before the district judge fixes the length and manner of publication of the notice. * * * The failure to file an affidavit for service by publication did not invalidate notice nor the order of condemnation and appointment of commissioners made in pursuance thereof."

It is, of course, true as contended by defendants that service of notice or other process on a minor must be made in the manner provided by statute. However, where the applicable statute does not specifically provide the manner in which process shall be served upon a minor, service may be had upon him in the same manner as a service upon an adult. 43 C.J.S., Infants, §115b. In Baumgartner v. Guessfeld, 38 Mo. 36, the court said:

"All the points made by the plaintiffs in error may be best considered under two heads: 1st, that the service was illegal as to the infant defendants; and 2d, that the decree was for the plaintiff, when it should have been for the defendants.

"I. With regard to the first-the infants were served by leaving copies of the writ at their usual place of abode with a white member of their family over the age of fifteen years. We see no distinction in the statute between the service upon an infant and upon an adult; nor do we see any reason for a distinction. The service is admitted to be such as would be good against anybody but an infant, and no authority is pointed out, nor is any good reason given, why it should not be good against the infant. ***"

In Leidy v. Edwards, 24 N.J. Misc. 116, 46 Atl. 2d 723, the New Jersey court held that since the statute there

involved made no special provision as to the manner in which process should be served on a minor, service upon him by leaving a copy thereof with his stepmother at his usual place of residence constituted a valid service on the minor. The contention of defendants that the notice of the proceedings and the appointment of commissioners was not properly served on the minor defendant, Linda Kay Koch, cannot be sustained.

Defendants in their second proposition contend that the order appointing the appraisers and the award made by them is void for the reason that the commissioners did not take the oath required by statute until after the appraisement was made. There is some confusion in the record as to the exact day upon which the commissioners took the oath. It appears that the oath was verified and filed by the court clerk on the 10th day of September, 1951. The report of the commissioners shows that the appraisement was made and the report signed on the 5th day of September, 1951. One of the commissioners, however, testified that the commissioners were appointed on the 27th day of August, 1951, and on the same day the three commissioners took and signed the oath of office; that he took all the papers in the case with him; that the appraisement was made and the report signed by all three commissioners on the 5th day of September, but he did not return the papers until the 10th day of September; that neither of the other commissioners was with him at that time. The files in the court clerk's office show that the order appointing the commissioners and oath of office and their report were returned and all filed on the 10th day of September, 1951, at approximately the same time. The report of the commissioners recites that they took the oath on the 27th day of August, 1951, and the report is signed by all of the commissioners.

The deputy court clerk testified he did not remember as to whether the commissioners subscribed to the oath on the date it was verified and filed by him and he did not remember as to whether all of the commissioners were present on the day he filed the oath and that he did not see them sign it. He did, however, testify that the oath had not been administered in his presence prior to that date.

The trial court under this evidence found that the commissioners did take the oath required by statute prior to the date they made their appraisement. We think the evidence sufficient to sustain this finding. It will not, therefore, be disturbed on appeal.

Defendants at the hearing of the motion sought to prove by evidence of defendant, Lydia Koch, that no effort had been made by plaintiff to acquire from her the tract of land in question by purchase prior to the institution of the condemnation proceeding. The evidence was excluded by the court and this ruling is assigned as error.

It is contended by defendants that under our statutes, 66 O.S. 1951 §53 and 69 O.S. 1951 §658, it is necessary for a condemnor in a condemnation proceeding to allege and prove that he made a bona fide effort to acquire the property sought to be condemned by purchase before instituting condemnation proceeding and that such requirement is jurisdictional. We think this contention, as a general rule, under a statute like our own, is correct. The authorities so hold. 18 Am. Jur., Eminent Domain, §319; Watkins v. Board of County Com'rs of Stephens County, 70 Okla. 305, 174 P. 523; State ex rel. Bremerton Bridge Co. v. Superior Court for Kitsap County, 194 Wash. 7, 76 P. 2d 990, and authorities therein cited. This rule, however, has its exceptions. In 18 Am. Jur., Eminent Domain, §319, it is said:

"* * * Where an offer to one joint owner, as to his undivided interest, fails there is no necessity for further negotiation.

"No attempt need be shown to agree upon a sale with one who cannot con-

vey his title. So an offer need not be made to an infant. When attempt to agree upon value would be futile, no attempt need be made.* * *"

In Davis v. Northwestern El. Ry. Co., 170 Ill. 595, 48 N. E. 1058, the Supreme Court of Illinois held:

"It was contended that the court had no jurisdiction to entertain the petition unless there was proof of the failure on the part of the petitioner to be able to agree with the lot owner as to the amount of compensation. The pleadings show that the defendants were nonresidents, and that certain of them were minors. In such case it is not necessary to show by proof that the compensation and damage could not be agreed upon. The minors could not make an agreement."

See, also, Stillwater & M. St. Ry. Co. v. Slade, 55 N.Y.S. 966; Hanika v. Lincoln Traction Co., 98 Neb. 583, 153 N.W. 568; City of Dallas v. Crawford (Tex. Civ. App.) 222 S.W. 305.

69 O.S. 1951 §658 of the act creating the Turnpike Authority provides in part:

"Whenever a reasonable price cannot be agreed upon, or whenever the owner is legally incapacitated, or is absent, unknown, or unable to convey valid title, the Authority is hereby authorized and empowered to acquire, by the exercise of the power of condemnation in accordance with and subject to the provisions of any and all existing laws and statutes applicable to the exercise of the power of condemnation of property for public use, any land, property, rights, rights-of-way, franchises, easements, or other property deemed necessary or convenient for the construction or the efficient operation of any turnpike project or necessary in the restoration of public or private property damaged or destroyed. * * *"

As above pointed out, the record shows that Linda Kay Koch is a minor six years of age and that no legal guardian had been appointed for her estate and that by reason of her minority she was unable to convey her interest in the land. The record shows that the plaintiff sought to condemn the full fee-simple title to the surface rights to the land and since it was not able to obtain the interest of the minor by purchase, it was not essential that it make an effort to acquire by purchase the interest of the adult owner, Lydia Koch, since the acquiring of her interest by purchase would not have prevented condemnation proceedings.

Defendants' final contention is that plaintiff was without authority to condemn a temporary easement over their land. No authority is cited to sustain this contention. We think such proceeding is authorized by 69 O.S. 1951 §658. The court ruled correctly in overruling defendants' motion to vacate the award.

Judgment affirmed.

HALLEY, C.J., and WELCH, CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.