98 N.J. Super. 235 (1967)
236 A.2d 630
PEOPLES TRUST COMPANY OF BERGEN COUNTY, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
SAUL KOZUCK AND ELAINE KOZUCK, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 8, 1967.
*236 Mr. John B. Hall for plaintiff (Mr. Leon E. Kreiger, attorney).
Saul Kozuck and Elaine Kozuck, pro se.
BOTTER, J.S.C.
Defendants Saul and Elaine Kozuck, husband and wife, contest service of process in this action. Plaintiff sued on a promissory note signed by defendants. Defendants denied liability on the note, contending that the due date was improperly filled in by plaintiff bank. The issues as to service of process and liability on the note were both submitted to the jury, and the jury returned a verdict in favor of plaintiff. However, the court had reserved decision under R.R. 4:51-2(a) on defendants' motion for judgment in which defendants contended that *237 service of process was defective as a matter of law. The summons and complaint were left outside defendants' home by the sheriff's officer after Mrs. Kozuck had appeared in the window but refused to answer the door and receive the papers.
John Zimmerman testified for plaintiff. He is a process server in the sheriff's office of Essex County. On January 4, 1967 he went to defendants' home to serve the summons and complaint. He testified that he rang the bell; that he heard a woman open a window upstairs and ask, "Who's there?"; that he asked, "Are you Mrs. Kozuck?", and that the woman answered, "Yes." He testified he said that he was from the sheriff's office and had a summons and complaint in the case of Peoples Trust Company versus Saul and Elaine Kozuck. He said the woman then denied that she was Mrs. Kozuck and that when she started to close the window he told her he would leave the papers in the mailbox. He testified that when she closed the window he tried to get her attention again, rang the doorbell, but she did not answer. He testified he left the papers in a mailbox when the door was not opened.
Mrs. Kozuck testified she was housecleaning on the second floor when the doorbell rang. She went to the window and asked who was there. She testified that a male voice called up and said "he had papers from the Peoples Trust." Further, that she told the man Mrs. Kozuck wasn't home and that she was not Mrs. Kozuck. She testified that the man said he would leave the papers outside and he then left. She also testified there was no mailbox outside the house. However, she looked outside about half an hour later and found the papers on the stoop. At first she testified that she did not want to answer the door because she was not dressed and there was danger in opening the door for a stranger. However, she later admitted she knew that the Peoples Trust Company was trying to collect money on notes she and her husband had signed, and that is why she did not want to go downstairs and receive the papers.
*238 The issue is whether, as a matter of law, service of process can validly be effected in the manner testified to by Zimmerman. R.R. 4:4-4(a) provides that service may be made upon an individual "by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein * * *." The question here is whether leaving the summons and complaint outside the house was "delivery" to Mrs. Kozuck "personally" or a "leaving with" Mrs. Kozuck for her husband within the meaning of R.R. 4:4-4(a).
Due process requires that the method of service be reasonably calculated to give notice to a defendant of the proceedings against him. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928); Kurilla v. Roth, 132 N.J.L. 213, 216 (Sup. Ct. 1944); Operative Plasterers' and Cement Furnishers' International Ass'n v. Case, 68 App. D.C. 43, 93 F.2d 56, 65 (D.C. Cir. 1937). It is generally held that when a summons is offered to someone, he cannot avoid service by refusing physically to accept the summons if he is informed that service of process is being attempted. Walkoczy v. Bowers, 146 A. 34 (N.J. Sup. Ct. 1929); Slaght v. Robbins, 13 N.J.L. 340 (Sup. Ct. 1833); Borden v. Borden, 63 Wis. 374, 23 N.W. 573 (Sup. Ct. 1885); Edward Hines Lumber Co. v. Smith, 29 Ill. App.2d 35, 172 N.E.2d 429 (App. Ct. 1961); Chernick v. Rodriguez, 2 Misc.2d 891, 150 N.Y.S.2d 149 (Sup. Ct. 1956); Errion v. Connell, 236 F.2d 447, 457 (9 Cir. 1956); Roth v. W.T. Cowan Inc., 97 F. Supp. 675 (E.D.N.Y. 1951); see also Kurtz v. Oremland, 29 N.J. Super. 585, 589 (Ch. Div. 1954); Application of Joseph Barbara, Sr., 14 Misc.2d 223, 180 N.Y.S.2d 924 (Sup. Ct. 1958), affi'd, 7 A.D.2d 340, 183 N.Y.S.2d 147 (App. Div. 1959); Buscher v. Ehrich, 12 A.D.2d 887, 209 N.Y.S.2d 941 (App. Div. 1961).
*239 The rule means that a person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably. This is the sense of the two New Jersey cases cited above. In Slaght v. Robbins, supra, defendant refused "to remain and hear the summons read to him." The court upheld the service, saying that a defendant cannot take advantage of "his own improper conduct." 13 N.J.L., at p. 341. Similarly, the court upheld service in Walkoczy v. Bowers, supra, where defendant closed the door and refused to accept a summons offered to him. See also Borden v. Borden, supra, where the summons was attached to the door handle after defendant pushed the process server out of the doorway upon learning of his intention to make service. The Wisconsin Supreme Court, citing Slaght v. Robbins, said it is proper in these circumstances to make service by depositing the process in an appropriate place in the presence of defendant or where it is likely to come into his possession.
New York courts have expressly declared that a person within the jurisdiction has an obligation to accept service of process. Gumperz v. Hofmann, 245 App. Div. 622, 283 N.Y.S. 823 (App. Div. 1935), affirmed, 271 N.Y. 544, 2 N.E.2d 687 (Ct. App. 1936); Application of Joseph Barbara, Sr., supra; Chernick v. Rodriguez, supra. In Barbara, service of a subpoena taped to a door was upheld against a person who refused to come to the door but was observed in his house and advised of the attempted service by a "bull horn" and other means used by the server. See also Hatmaker v. Hatmaker, 337 Ill. App. 175, 85 N.E.2d 345 (App. Ct. 1949).
Service of process may be effectuated even if the process server does not see the person being served, Chernick v. Rodriguez, supra, where the defendant identified himself but refused to open the door to his apartment and the server left the papers in the vestibule. Also, service may validly be made upon a person who misidentifies himself and refuses to accept the process, Roth v. W.I. Cowan Inc., *240 supra, where the court upheld service on a defendant who denied that he was the person sought.
The jury verdict establishes that personal service was made in the manner contended by plaintiff. Such service is valid and could not be avoided by Mrs. Kozuck's refusal to open the door and accept the papers, or by her denying her true identity. The judgment entered on the jury's verdict will stand.
The judgment will also stand as to defendants' contractual obligation for an attorney's collection fee, the amount of which was fixed in open court. The services rendered have been verified by affidavit, in accordance with the procedure specified by the court. The reasonableness of the fee is amply supported by the record.