School Teachers Contract — Termination A board of education may terminate a teacher's contract under the terms of 70 O.S. 6-1 [70-6-1](e) (1968), rather than 70 O.S. 6-24 [70-6-24] (1968), where a teacher is notified in writing prior to April 10 of his third year, with a school district that his contract will be terminated. The Attorney General has had under consideration your letter of March 18, 1968, requesting an opinion. A teacher is teaching in his third year in a school district. Prior to April 10 in the third year in the school system, he is notified by the board of education that it is terminating his contract under the provisions of the continuing contract law, 70 O.S. 6-1 [70-6-1](e) (1967). You ask: Is the board of education required to terminate this teacher's contract according to 70 O. S. 6-24 (1967), or may the board legally do so by 70 O.S. 6-1 [70-6-1](e) (1967)? 70 O.S. 6-1 [70-6-1](e) (1967), provides in relevant part: ". . . If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be re-employed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis . . . and such employment and continuing contract shall be binding on the teacher and on the school district. . . ." 70 O.S. 6-24 [70-6-24] (1967), provides in relevant part: "The failure to renew a contract by a board of education of any teacher who has served three (3) years shall not be effective and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes for such action and an opportunity for the teacher to appear before such board and be heard on the question of reconsideration of such action by the board. . . ." This section continues by setting out the procedure to terminate the contract of a teacher who has served three years with a district. There is no question that if a teacher has served three years his contract must be terminated under the terms of Section 6-24 since this is the latest enactment being passed in 1967 (O.S.L. 1967, chapter 252) while Section 6-1 was passed in 1965 (O.S.L. 1965, chapter 47). Consumers Co-Operative Ass'n. v. Titus,201 Okl. 344, 205 P.2d 1162. Furthermore, the Legislature is presumed not to do a useless thing and an express procedure would control over a general procedure. Moral Insurance Co. v. Cooksey, Okl. 285 P.2d 223. State ex rel. v. Zabloudil, 206 Okl. 286,242 P.2d 710. However, under the facts given in your inquiry, the teacher has not "served three years." Rather, he has served two years and is serving his third year which is not completed until after the end of the contract period which is presumably around June 1. Therefore, it is the opinion of the Attorney General that a board of education may terminate a teacher's contract under the terms of 70 O.S. 6-1 [70-6-1](e) (1967), rather than 70 O.S. 6-24 [70-6-24] (1967), where a teacher is notified in writing prior to April 10 of his third year with a school district that his contract will be terminated. (Penn Lerblance)