** Summary ** COMMISSIONERS OF LAND OFFICE — AUTHORITY TO ENTER INTO LEASE AGREEMENTS The Commissioners of the Land Office have the authority to make and enter into a lease agreement with the Department of Agriculture, Forestry Division, for a term of ten (10) years under the terms and conditions set forth in 2 O.S. 1301-301 [2-1301-301] and 1301-302(B) (1971). The Attorney General has received your request for an opinion wherein you raise the following question: "Do the commissioners of the Land Office have the legal authority to make and enter into a lease with the Department of Agriculture, Forestry Division, for a period of ten years under the terms and conditions as set forth in Title 2 O.S. 1301-301 [2-1301-301] and 1301-302 (B). " Title 2 O.S. 1301-302 [2-1301-302](B) (1971) provides: "The Commissioners of the Land Office are hereby authorized and directed to make and enter into a lease for a period of ten (10) years, with the privilege of renewing at the end of each ten-year period until otherwise provided by law, with the State Department of Agriculture, Forestry Division, the following described land and premises: "Lots One (1) and Two (2) and the East Half (E1/2) of the Northwest Quarter (NW1/4) and the West Half (W1/2) of the Northeast Quarter (NE1/4) of Section Seven (7), Township Six (6) South, Range Twenty five (25) East of the Indian Meridian, continuing two hundred forty (240) acres, more or less, situated in McCurtain County, State of Oklahoma. "Such lease shall contain the following provision in addition to any which may be agreed upon by the Commissioners of the Land Office and the State Department of Agriculture, Forestry Division: "1. The lessee shall maintain on such property the administrative headquarters for Fire Protection Unit No. One of the Forestry Service; "2. The lessee shall maintain, repair and preserve all improvements located on said described land; "3. The lessee shall maintain and carry out a forestry plan for the entire two hundred forty-acre tract, do the necessary planting and other forestry work to bring the stand of timber up to normal and to restore such timber to its maximum productive value; "4. The lessee shall take all necessary and proper measures to protect the area from fire and theft; "5. The lessee shall formulate and carry out a plan for harvesting of the timber so that maximum financial return making it realize for the state, and that the maximum value of the culture shall be realized for demonstration purposes; "6. Unless otherwise changed by law, the annual rental payable annually of 5 percent (5%) per year of the appraised value of said lands without improvements shall be paid out of funds appropriated to the lessee into the common school funds of the state." The express terms contained in the lease agreement to which your question relates are in conformity with statutory provisions set forth above. As these provisions constitute sufficient authority to accomplish the lease agreement, the terms contained in 2 O.S. 1301-301 [2-1301-301] (1971), do not pose a barrier to the lease agreement. Any question relating to the authority of Commissioners of the Land Office to make and enter into the lease in question, therefore, goes to the validity of 2 O.S. 1301-302 [2-1301-302](B) (1971). An examination of Article XI of the Oklahoma Constitution reveals no constitutional impairment of the validity of this statute. Thus, if 2 O.S. 1301-302 [2-1301-302](B) (1971), is insufficient to accomplish its expressed design, the insufficiency must stem from conflict either with the Enabling Act or another statutory enactment. Section 22 of the Enabling Act required that the constitutional convention accept the terms and conditions contained therein by "ordinance irrevocable. " Such an ordinance was passed by the convention on April 22, 1907. Notwithstanding the language in Section 22 it has been held that acceptance of the terms and conditions of the Enabling Act merely placed that Act on the statute books, thus rendering it subject to repeal by subsequent legislation, Smith v. State, 28 Okl. 235, 113 P. 932
(1911), and did not place it on the level of the Constitution or fundamental law, Coyle v. Smith,28 Okl. 121, 113 P. 944 (1911), affirmed 31 S.Ct. 688, 221 U.S. 559,55 L.Ed. 853. Section 9 provides that common school lands (Sections 16 and 36) may be leased for a period of ten (10) years under conditions prescribed by the Legislature. Section ten (10) contains a similar lease provision as to University and public institution lands (Sections 13 and 33), but limits the lease term to a five (5) year period. Neither of these provisiOns apply to the section of land mentioned in 2 O.S. 1301-302 [2-1301-302](B) (1971). Hence, the Enabling Act does not pose an obstacle to the lease agreement contemplated. Title 64 O.S. 259 [64-259] (1971), provides that land leased "for agricultural and/or grazing purposes" shall not be leased for a period of time to exceed five (5) years. The Attorney General is informed by your letter that the land covered by the lease in question is not to be utilized for such purposes. The following decisions are noteworthy, however. Boice v. State, Okl.,473 P.2d 241 (1970), held that where two statutes dealing with the same subject are in irreconcilable conflict the provisions of the later statute will prevail over, or supersede, the provisions of the earlier statute. Koch v. Oklahoma Turnpike Authority, 208 Okl. 556, 257 P.2d 790
(1953), held that where there are two provisions of statutes, one of which is special and particular and clearly includes the matter in controversy, and special statute covering subject prescribes different rules and procedure from those in general statute, the special statute, not the general statute, governs. See also Skelton v. United States, 88 F.2d 599 (10th Cir. 1937). It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Commissioners of the Land Office have the authority to make and enter into a lease agreement with the Department of Agriculture, Forestry Division, for a term of ten (10) years under the terms and conditions set forth in 2 O.S. 1301-301 [2-1301-301] and 2 O.S. 1301-302 [2-1301-302](B) (1971). (MARVIN C. EMERSON)