ROADS, BRIDGES AND FERRIES The Department of TransPortation is liable, under the provisions of Title 69 O.S. 1203 [69-1203](f) (1978) for court costs and poundage fees only in the event of an appeal resulting in the jury verdict in excess of the commissioners' original award. The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Which of the following statutes, Title 69 O.S. 1203 [69-1203](f) (1978) or Title 28 O.S. 152.3 [28-152.3] (1978), prevails in determining under what conditions, court costs and poundage fees should be paid by the Department of Transportation in condemnation cases. Title 28 O.S. 152.3 [28-152.3] (1978), sets out generally the liability of condemnors for poundage fees and court costs, providing as follows: "Every condemnor, be it the state, a political subdivision thereof, or a private entity, shall be liable for poundage fee and court costs in a condemnation proceeding. Those public entities which are restricted by law from advancing costs shall be allowed to file the condemnation proceeding without costs prepayment, but at the termination of each such case, the court clerk will render to the condemnor an itemized bill for costs and shall claim payment of all costs due in the case." Title 69 O.S. 4009 [69-4009] (1978), inter alia, transfers all of the powers, duties and functions of the Department of Highways to the Department of Transportation. Title 69 O.S. 1203 [69-1203](f) (1978) applies specifically to the condemnation of property by the Department, providing in part as follows: "The Department shall in all cases pay the cost of the com missioners' fees and expenses, for their services, as determined and ordered paid by the judge of the district court in which such case is pending, however, poundage fees and condemnation fees shall only be paid by the department in the event of appeal resulting in a jury verdict in excess of the commissioners' Award, but under no circumstances shall any poundage fees or condemnation fees be assessed against the recipient of said Award." In construing any statute, the primary rule of construction is to ascertain and declare the intention of the legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl., 230 P.2d 915 (1951). When the intent of the legislature is plainly expressed, there is no room for construction. Johnson v. Ward, Okl., 541 P.2d 182
(1975). Where there are two statutory provisions, one of which is special and particular and clearly includes matter in controversy, and the special statute covering the subject prescribes different rules and procedure from those in the general statute, the special statute, not the general statute, governs. Koch v. Oklahoma Turnpike Authority, Okl., 257 P.2d 790 (1953). The provisions of Title 69 O.S. 1203 [69-1203](f) (1978) specifically set forth the conditions necessary for the department to be liable for court costs and poundage fees — ". . . poundage fees and condemnation fees shall only be paid by the department in the event of appeal resulting in a jury verdict in excess of the commissioner's Award. . . ." These specific provisions control over the general provisions of Title 28 O.S. 152.3 [28-152.3] (1978). It is, therefore, the opinion of the Attorney General that your question be answered as follows: The Department of Transportation is liable, under the provisions of Title 69 O.S. 1203 [69-1203](f) (1978), for court costs and poundage fees only in the event of an appeal resulting in a jury verdict in excess of the commissioners' original award. (JEFFREY L. WEEKS) (ksg) ** SEE: OPINION NO. 92-524 (1992) (UNPUBLISHED OPINION) **