WESTERN FARMERS ELECTRIC
COOPERATIVE, ANADARKO,
OKLAHOMA, Appellee,

v.

Carolee STEPHENSON, Bettylu
Stephenson, also known as
Bettylu Zeh, Appellants.

No. 81206.

Court of Appeals of Oklahoma,
Division No. 3.

March 8, 1994.

Certiorari Denied April 19, 1994.

Jerry Earl Benson, Benson and Annett, Watonga, for appellant.

John W. Garland, Pain and Garland, Anadarko, for appellees.

## OPINION

BAILEY, Judge:

Carolee Stephenson and Bettylu Stephenson (Carolee, Bettylu, or collectively, Appellants) seek review of the Trial Court's orders denying Carolee's motion to quash and overruling Appellants objection to commissioners' report in the condemnation action of Western Farmers Electric Cooperative, Anadarko, Oklahoma (WFEC). Herein, Appellants allege error of the Trial Court (1) in denying the motion to quash, WFEC having failed to affect personal service of notice on Carolee, and (2) in denying Appellants' objection to commissioners' report, WFEC having failed to negotiate with Appellants concerning compensation for the land for which WFEC sought condemnation.

WFEC instituted the instant action to obtain an easement across land owned by the Appellants for construction of an electrical transmission line, alleging failure of diligent efforts to purchase the easement and requesting appointment of commissioners. WFEC engaged a private process server to serve Carolee with notice of the condemnation action. The process server made return showing personal service on Carolee. Carolee entered a special appearance and motion to quash, alleging failure of personal service.

At hearing thereon, Carolee testified that the process server called her at home on the telephone announcing his intention to leave legal documents with her, that she refused to speak to the process server and hung up, and that she did not discover any documents until several days later when she threw the documents away without reading them; Carolee admitted, however, she had been avoiding service of notice. The process server and another witness testified that the process server called Carolee from a mobile telephone while parked in Carolee's driveway, that Carolee identified herself, that the process server told Carolee that he had documents for her, that immediately after Carolee hung up, the process server knocked on Carolee's door, that no one answered the door but that someone looked through the window at the process server, and that the process server left the notice of condemnation at Carolee's front door. Based on this evidence, the Trial Court denied Carolee's motion to quash.

After appointment of commissioners and return of the commissioners' report, Appellants objected thereto, alleging WFEC's failure "to legitimately attempt to negotiate in acquiring [the subject] real property for public use," no necessity of the taking, and agreement of adjoining landowners for relocation of WFEC's proposed power lines. At hearing, Bettylu testified that she had never spoken to anyone with WFEC concerning acquisition of an easement across her property, and had never received any correspondence from WFEC with regard thereto. WFEC presented evidence that WFEC attempted to negotiate with both Carolee and Bettylu for acquisition of the easement by mail and in person, that letters from WFEC to Carolee and Bettylu went unanswered or unclaimed, that Carolee subsequently held herself out as representing Bettylu's interest, and that upon Carolee's rejection of WFEC's initial offer, Carolee wrote WFEC a letter representing that it would cost "hundreds of thousands" of dollars to acquire the easement. Based upon this evidence, the Trial Court overruled Appellants' objection to the commissioners' report. Appellants now appeal.

As to the Trial Court's order denying Appellants' motion to quash, we find no error. While 66 O.S.1991 § 53(B) provides for "notice to the condemnee by personal service or by leaving a copy of the notice at the condemnee's place of residence with some member of his family over fifteen (15) years of age," we hold a person may not

avoid service of such notice for lack of actual "in hand" delivery.[1] That is, one "cannot avoid service by refusing physically to accept the summons if he is informed that service of summons is being attempted. ... Such service is valid and could not be avoided by ... refusal to open the door and accept the papers, or by ... denying [one's] true identity."[2] Considering the facts that Carolee had attempted to previously avoid service of process, and that Carolee knew the process server came to serve her with notice of the action, we therefore find valid service accomplished.

■ As to the Trial Court's order overruling Appellants' objection to the commissioners' report, we likewise find no error. While Oklahoma law establishes that a condemnor must undertake bona fide efforts to purchase the subject property from the owner as a jurisdictional condition precedent to institution of a condemnation action,[3] the condemnee may not wield the failure of negotiations as a sword to defeat the condemnation action where the failure of negotiations is attributable to the condemnee.[4] In the present case, we find evidence in the record showing WFEC's efforts to negotiate with Carolee for purchase of the property and Carolee's failure/refusal to negotiate in good faith with WFEC.

■ In a related argument, Bettylu asserts WFEC never negotiated with her. However, upon failure of WFEC's negotiations with one of the co-owners, Carolee, Oklahoma law excused WFEC from further futile negotiations with the other co-owner, Bettylu.[5] We therefore find no bar to WFEC's condemnation action for alleged lack of negotiations to purchase the subject tract.

The orders of the Trial Court denying Appellants' motion to quash and overruling Appellants' objection to commissioners' report are therefore AFFIRMED.

HUNTER, P.J., and GARRETT, V.C.J., concur.

1. *Business & Professional Adj. Co. v. Baker,* 62 Or.App. 237, 659 P.2d 1025 (1983).

2. *Peoples Trust of Bergen Cty. v. Kozuck,* 98 N.J.Super. 235, 236 A.2d 630 (1967).

3. *Koch v. Oklahoma Turnpike Auth.,* 208 Okl. 556, 257 P.2d 790 (1953).

4. *Boeck v. State Highway Commission,* 36 Wis.2d 440, 153 N.W.2d 610 (1967) (condemnee may not assert failure of jurisdictional notice where failure of notice attributable to condemnee's refusal to accept the notice from the postman).

5. *Koch,* 257 P.2d at 794.