### FARMERS' STATE BANK OF BURKBURNETT et al. v. JAMESON et al.
### (No. 916—4997.)

Commission of Appeals of Texas, Section B.
Dec. 12, 1928.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, and Benson & Benson, of Bowie, for plaintiffs in error.

Fitzgerald & Hatchitt, Carrigan, Britain, Morgan & King, and H. R. Wilson, all of Wichita Falls, and Donald & Donald, of Bowie, for defendants in error.

SHORT, P. J. The plaintiffs in error, who were the appellees in the Court of Civil Appeals and the defendants in the district court, are the Farmers' State Bank of Burkburnett, Perry Browning, W. H. Anchor, and C. McCall, while the defendants in error, who were the appellants in the Court of Civil Appeals and the plaintiffs in the district court, are Mrs. M. M. Jameson, the surviving widow of Sherwood Jameson, deceased, and their minor children, Hazel, Helen, and Dorothy Jameson. After overruling all demurrers filed by the defendants to the petition of Mrs. Jameson and her children, which was duly verified by oath, a jury was impaneled, and the testimony offered by Mrs. Jameson and her children was heard; whereupon the district judge instructed the jury peremptorily to find for the defendants. Upon due appeal from this judgment to the Court of Civil Appeals, that court reversed and remanded the case to the district court for further proceedings, and in its opinion fully stated the pleadings of all the parties and the testimony offered by the original plaintiffs, a restatement of which by us, in view of that fact, being thought unnecessary. 299 S. W. 458.

The plaintiffs in error in their application for a writ of error which has been granted by the Supreme Court make the following preliminary statement:

"The defendants in error herein filed this suit to set aside a judgment of the District Court of Montague County, which upon its face showed it to be an agreed judgment entered into by the attorneys of all parties approving the same and which involved. the title to certain mineral interests in property fully described in the original petition of plaintiffs in the court below.

"As a ground for setting the judgment aside the defendants in error alleged failure of the service of citation and further alleged that the indebtedness forming the basis of the entry of the judgment sought to be set aside did not in fact exist and therefore, they claimed a meritorious defense to the original cause of action upon which the judgment was based. As a further claim they said the instrument transferring the

property upon which the judgment was based was intended as a mortgage and they tendered payment of the amount due and asked for the return of the property.

"The trial court in this case instructed a verdict for the plaintiffs in error on the theory that no meritorious defense was proven and the judgment showing on its face the appearance of all parties, such defense would be necessary to entitle the parties to set such judgment aside.

"The Court of Civil Appeals reversed the judgment of the trial court, holding that (a) in a direct attack on a judgment wherein it was shown by the testimony of the party seeking to set same aside that such party was not served with citation, it was not necessary to show a meritorious defense; (b) that the evidence of the defendant in error Mrs. Jameson to the effect that when she executed the transfer of the mineral interests in settlement of the alleged indebtedness, no notes or other evidences of indebtedness were delivered to her, taken together with the plaintiff in error McCall's failure to prove the existence of the indebtedness, was sufficient to prima facie make a case entitling the judgment to be set aside holding that such evidence prima facie showed a meritorious defense."

The record discloses that Sherwood Jameson received injuries from being struck on the streets of Wichita Falls by an automobile February 9, 1923, and six days thereafter died as the result of such injuries. He owned, at the time of his death, mineral rights in certain lands located in Montague county, shown by some of the testimony to be of the market value of $15,000. At the time the defendants in error filed this suit, this ownership which had been inherited by them from the husband and father had apparently been lost to them, and had been acquired directly or indirectly, either by virtue of ownership or liens given to secure an alleged indebtedness, by the plaintiffs in error, and the value of the interest had increased from $15,000 to $25,000. Neither the wife nor the children had received anything of value from the plaintiffs in error, or any of them, for this property inherited by them, except a release of certain claims against the estate of Sherwood Jameson, the validity of which at the time of his death was denied by the defendants in error. The evidence of this apparent change of possession of this property from the defendants in error to some, if not all, of the plaintiffs in error, is a certain judgment rendered by the district court of Montague county, numbered on the docket 6635 at the January term, 1926, wherein the plaintiff in error C. McCall was plaintiff and the other defendants, except the bank, together with the defendants in error in this case, were defendants, and the Farmers' State Bank of Burkburnett was an intervener, the effect of which was to sustain all the claims of all the parties with reference to the matter in controversy, except that of the defendants in error, and in which it was declared that C. McCall had purchased from Mrs. Jameson, as community survivor of her husband, all the interest which her husband had in the lands described in the petition, in consideration that McCall would pay the debts of her husband; and in which it was also declared that McCall had procured an instrument in the form of an assignment, but in fact a mortgage, of the property in dispute on the 14th of December, 1920, but that by mutual mistake a lesser interest than the husband owned was conveyed in that instrument, which the judgment reformed, and, as stated, declared that the instrument assigned all the interest of the husband. It also established, in addition to the $4,500 claimed by McCall to be due him and his bank, he being the president, claims against the estate of the husband in favor of Perry Browning for a certain sum and in favor of W. H. Anchor for a certain sum, aggregating several thousand dollars, the whole indebtedness aggregating more than $10,000 with accrued interest. It provided that, in case the land should be sold by McCall for a sum sufficient to pay all these debts, then $1,000 should be divided among the minor children, the surplus, if any, to belong to McCall. This was an agreed judgment signed by Benson & Benson, attorneys for McCall, Weeks, Morrow, Francis & Hankerson for Perry Browning, W. H. Anchor, and the Farmers' State Bank of Burkburnett, and R. E. Taylor, attorney for Mrs. Jameson and her children.

It is alleged by the defendants in error that the plaintiffs in error had conspired among themselves to defraud this widow and her children, and, in pursuance of this conspiracy, had procured from the district court the entry of this judgment without her knowledge that any such suit was pending, and without her having been cited to appear and answer the demands of the plaintiff McCall or the other parties, and without her having been represented by any attorney employed by her to appear for her in that suit. She also alleged in her petition that she knew that her husband owned this interest in these lands, and knew that he had been doing business with the plaintiff in error bank, but she did not know her husband owed any debts to the bank or any one else, and she so testified. No testimony was offered by the plaintiffs in error. She testified that McCall, acting for himself and the bank of which he was the president, told her that her husband was due him about $2,500, and was owing the bank $2,000, which statement she believed. She also testified that the instrument which she executed, while in the form of an absolute conveyance or assignment, was intended as a security for the payment of these sums of money. She

testified that no papers were exhibited to her and no explanation made of the mutual mistake which the judgment in cause No. 6635 found to have been a mutual mistake and reformed so as to increase the interest assigned in the document executed by the husband. Nothing was said about the claims of Browning and Anchor, or either of them, and it is apparent that Mrs. Jameson received the impression from what McCall told her that her husband only owed him and the bank in the sums above mentioned. In McCall's answer to the petition in this case he alleged that the husband owed his bank $970, and owed him approximately $3,500, but that the exact amount was unknown to him at the time he filed his answer, which was July 5, 1926, while the date when he made these representations to Mrs. Jameson was October 5, 1923. She further testified that she knew nothing about this judgment until she accidentally discovered it from a former partner of her deceased husband who owned a like interest in the property, and that, as soon as she made the discovery, she brought this suit. The judgment rendered by agreement also provided that the plaintiffs in error, whom the defendants in error charged to have conspired to procure it, should pay all the costs incurred in that case, thus very much lessening the chances for discovery by her that such a judgment had been rendered against Mrs. Jameson, though, according to the facts found by the judgment, she was the losing party, and, according to the accepted procedure in such cases, should have been charged with at least a portion of the costs. This circumstance might be considered by a jury as tending to prove the allegation that the plaintiffs in error had entered into a conspiracy to defraud the defendants in error. Mrs. Jameson further testified that the interest of her husband in the lands had a market value of $15,000 at the time the representations were made to her by McCall, and that the instrument she executed was executed for the purpose of securing a debt approximating $4,500; thus demonstrating according to the contention of the plaintiff in error McCall that he received a conveyance of property of the value of $15,000 in settlement of a $4,500 debt, with the understanding, however, that one-half of the excess of the value to the extent of $10,000 should be divided equally between them. This testimony might be considered by the jury to have some probative force in support of the contention of the defendants in error that the instrument Mrs. Jameson executed on October 5, 1923, was intended as a security for debt, and was not, as it appeared to be, an absolute conveyance of the property.

The failure of McCall to call Mrs. Jameson's attention to the fact that her husband had made a mistake in the instrument dated December 14, 1920, in failing to assign all of his interest in the property, and only assigned a portion, and that the instrument he was procuring from her not only corrected that mistake, but that the effect of the instrument he was procuring from her was to convey to him the ownership of the property, while the instrument that he procured from the husband only gave him a lien on the property to secure an indebtedness, might be considered by a jury as having some probative force towards proving the allegation in the petition that the plaintiffs in error had conspired together to defraud her and her children by having this judgment entered, of which she had no knowledge, and in the rendition of which she had no voice, either personally or by attorney. In passing upon the question of fraud alleged to have been perpetrated by McCall upon Mrs. Jameson in making the statements he did as stated by her with reference to the amount of the indebtedness the husband was due the bank and the amount that the husband was due McCall, a jury would be justified in considering the fact that the allegations in McCall's answer on this subject were at variance with the statements made by him to Mrs. Jameson when he procured the instrument in the form of a conveyance which she alleged was intended to be a mortgage.

The court, having overruled the demurrers, necessarily found that the petition of the defendants in error was sufficient to state a cause of action. The court may have also concluded that the testimony was sufficient to establish the allegations in the petition that the judgment rendered in cause No. 6635 was rendered without the knowledge of Mrs. Jameson, and without her having been represented by attorney, and yet, having concluded that the testimony introduced by the defendants in error was insufficient to make a prima facie case against the plaintiffs in error, it was his duty to instruct a jury to render a judgment against them. The Court of Civil Appeals, upon a consideration of the whole record, reached the conclusion that the testimony is sufficient to establish in favor of the defendants in error a prima facie case. We have reached this conclusion from the statement of Chief Justice Conner, which is: "I concur in the reversal on the general ground stated in the above opinion of the majority, but do not concur in the proposition that the judgment should be set aside, regardless of a showing of a meritorious defense, if indeed the opinion of the majority is susceptible of such construction." This statement of Chief Justice Conner evidently means that he and his associates reached the conclusion that the testimony offered by the defendants in error under the circumstances of the whole case was sufficient to establish prima facie the material allegations in the petition of the defendants in error.

The pleadings of the parties present three issues of fact. The first issue is whether Mrs. Jameson was served with citation in

cause No. 6635, or, if not served, whether she was represented in the rendition of the judgment in that case by an attorney duly authorized by her. Another issue was whether the instrument dated October 5, 1923, was intended by the parties to be a conveyance of the interest of Mrs. Jameson and her children for the payment of debts in the property described in the petition to McCall for the consideration stated in the document, or whether the instrument was a mortgage intended as security for debt; and the remaining issue was whether the husband of Mrs. Jameson owed the plaintiffs in error anything, and, if so, what amount he was owing to each one of them.

Under appropriate instructions, if the jury should find the first issue in favor of the plaintiffs in error, it would be the duty of the trial court to render a judgment in favor of them, and in this connection it would be the duty of the trial court to tell the jury not to answer the remaining two issues should they find the first one in favor of the plaintiffs in error. Again, if the jury should find the first issue in favor of the defendants in error and the remaining two issues against them, it would be the duty of the trial court to render a judgment that the defendants in error take nothing by their suit. Upon the other hand, if the verdict of the jury should establish upon sufficient testimony the first and second issues in favor of the defendants in error, but should find that the defendants in error owed any one or more of the plaintiffs in error any sum of money, then a judgment should be rendered setting aside the judgment in cause No. 6635, and setting aside the instrument dated October 5, 1923, as a conveyance, and declare it a mortgage given as security for the debt of McCall and the plaintiff in error bank, and foreclose any lien on the property proven, and order it sold upon default of payment of the debt for the purpose of satisfying this debt; and, if the testimony should further show that any one or more of the other plaintiffs in error had valid claims against the deceased, Jameson, and that these claims were secured by a lien on the property, then judgment should be rendered in favor of these parties for the debt foreclosing the lien and ordering the property sold, subject, however, to the lien of the other plaintiffs in error, and, if the testimony should fail to show any lien, then judgment should be rendered establishing the claims of the respective parties as a debt against the estate, to be paid according to law, and awarding execution upon failure to pay within a given time. In other words, we think it is not essential for the defendants in error to establish that Sherwood Jameson, at the time of his death, was not indebted to any of these parties in any amount to entitle her to partial relief under the allegations in the petition. If it should be established that the instrument dated October 5,

1923, was a mortgage given as security for debt, and it should further be established that the plaintiffs in error, all or either, had valid claims against the estate of Sherwood Jameson, and that the property in controversy belonged to his estate, the court should render a judgment in accordance with the facts so as to protect the legal rights of all the parties. However, should testimony be introduced sufficient to show that Sherwood Jameson did not owe any of the plaintiffs in error anything, then the judgment should be written in accordance with this fact and the other facts supposedly found in favor of the defendants in error in answer to issues 1 and 2.

The Supreme Court noted in granting the application that it did so upon the conflicts alleged in the application for the writ of error. Many cases are cited in the application which hold in effect that, in a suit seeking to set aside a judgment which is valid on its face and the record showing the appearance of the parties seeking to set same aside, it is necessary to allege and prove a meritorious defense to the cause of action upon which such former judgment is based, and among the authorities cited in support of this proposition are the following by the Supreme Court of this state: Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254; Duncan v. Smith, 113 Tex. 555, 260 S. W. 1027; Jones v. Wootton (Tex. Com. App.) 228 S. W. 142; Owens v. Cage, 101 Tex. 286, 106 S. W. 880; Witt v. Kaufman, 25 Tex. Supp. 386; House v. Collins, 42 Tex. 493. The case of Foust v. Warren (Tex. Civ. App.) 72 S. W. 404, wherein Chief Justice Conner wrote the opinion, is also cited in support of this proposition.

We are in agreement with the idea of Chief Justice Conner, as stated by him in this case inferentially, that we have serious doubt whether the opinion of the majority is susceptible of the construction that the judgment in cause No. 6635 ought to be set aside, regardless of a showing of a meritorious defense. There are situations presented where a judgment should be set aside without establishing, in addition to a want of negligence in the matter of default, that the complaining party has a meritorious defense. Associate Justice Speer for this commission in Cragin v. Henderson County Oil Development Co., 280 S. W. 554, discusses this question, and presents our views with reference to it. It will be seen by a reading of the opinion in that case that a judgment by default was taken, and, while the term of court was in existence, a motion to set aside this judgment was duly presented embodying facts tending to excuse the defendant and his counsel for the default judgment, and furthermore set up facts which, if true, would constitute a meritorious defense. Upon considering the motion, the court heard evidence by affidavits and oral testimony up-

on both issues of diligence and meritorious defense, and thereupon overruled the motion. The Court of Civil Appeals, upon appeal, affirmed the judgment of the district court. 270 S. W. 202. The opinion of this commission, the holding of which on the questions discussed was expressly approved by the Supreme Court, declared that, under the circumstances of that case, the scope of inquiry upon a motion to set aside is limited in the respect under consideration to ascertaining if a prima facie defense has been *stated*, and that any further inquiry as to the exact truth of this defense is beyond the pleading, declaring:

"If this be true, then of course evidence heard beyond the scope of the inquiry would not be admissible or competent for any purpose, and could not in any event form the basis of decision."

But the record in this case presents a different situation from that in the Cragin Case, supra. Here the proceedings were instituted after the adjournment of the term of court at which the judgment sought to be set aside was rendered. It is numbered upon the docket of the court 6816, and the relation of the parties is different. The judgment sought to be annulled was numbered upon the docket 6635, and C. McCall was the plaintiff in that case, whereas the defendants in error who were original defendants in that case are plaintiffs in this. This proceeding is an entirely independent one. Its ultimate object was to secure in part the annulment of a judgment rendered in a court of competent jurisdiction which is upon its face a valid one. Furthermore, its object was to secure affirmative relief by alleging and proving facts which would have constituted a meritorious defense to the cause of action alleged by the opposing parties in cause No. 6635. The Court of Civil Appeals correctly held as the law of the case that the plaintiffs' petition did set up a meritorious defense against the opposing parties in cause No. 6635, as in fact it appears that the district court held, but the Court of Civil Appeals differed from the conclusion reached by the district court as to whether the testimony offered by the defendants in error was sufficient to present for the determination of the jury any issues of fact, and, as we have seen, the Court of Civil Appeals was correct in its conclusion that this testimony was sufficient to present for the determination of the jury issues of fact which were material to a recovery by the defendants in error of some relief.

To the extent that the Court of Civil Appeals held, if it did so hold, that it was not necessary for the defendants in error to allege in their petition a meritorious defense to the cause of action alleged by the opposing parties in cause No. 6635, we think it erred, but, it having held that the testimony introduced by the defendants in error in support of the material allegations of their petition, which on its face stated a cause of action, was sufficient to raise issues of fact determinable only by the jury which was impaneled in the case, and it being exclusive judge of the facts proven which a jury might upon a consideration of the testimony find to be proven, and having reversed the judgment of the district court on that point, and remanded the case for another trial, and it being our opinion that the testimony offered by the defendants in error constituted more than a scintilla of proof, we therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.