**WISE et al. v. LEWIS et al. (Nos. 1101–5347.)**

Commission of Appeals of Texas, Section B. Jan. 29, 1930.

White & Yarborough, of Dallas, for plaintiffs in error.

Helen M. Viglini, of Dallas, for defendants in error.

SPEER, J. Justice Looney has thus stated the case: "This is an equitable proceeding instituted for the purpose of vacating a judgment by default rendered in favor of Jim Wise, one of the appellants, against Belle Lewis, appellee. The appeal is from an order of the court, setting the default judgment aside."

The Court of Civil Appeals [11 S.W.(2d) 329] dismissed the appeal for want of jurisdiction.

We think that this order was correct. The order attempted to be appealed from went no further than to set aside the default attacked and in no manner attempted to determine the merits of the case. The order was not effective as granting a new trial, for the judgment already had become final. It was not effective as a judgment in the equitable suit, for it did not dispose of the case. The writ of error was granted upon this memorandum by the Supreme Court: "We are inclined to the view that the judgment of the 101st District Court is void."

Evidently the writ was granted because of the construction given by the parties to the possibly ambiguous language of the Court of Civil Appeals in saying: "If error was committed in the proceedings that culminated in the order annulling the default judgment, as contended by appellants, the same can only be reviewed by this court, by proper assignments of error, on appeal after final trial of the case on its merits."

None of the proceedings of the trial court can be reviewed on this appeal, because there has been no final judgment entered in the trial court, and no appeal, therefore, is authorized.

The Court of Civil Appeals was correct in saying, "The status of this case is that it stands for trial on its merits in the court below." That means that the previous order of the 101st district court attempting to set aside the prior default judgment is a nullity. It cannot be treated as effective to any extent or for any purpose; this case is an equitable proceeding to vacate the default judgment, which stands for trial as though no such order had ever been made.

The Court of Civil Appeals made the only disposition of the appeal that could have been made. It had no power, nor have we, to discuss or decide the merits of the case in any respect. We recommend that the judgment of the Court of Civil Appeals dismissing the appeal from the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.