Monnie BRATCHER, Appellant,

v.

Dale C. SHERMAN, Appellee.

No. 5097.

Court of Civil Appeals of Texas, Waco.

Dec. 16, 1971.

John Whiteside, Ft. Worth, for appellant.

Griffith & Lumpkins, Waxahachie, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a default judgment. Appellee-Plaintiff Sherman sued adjoining landowner Appellant-Defendant Mrs. Bratcher for title and possession of land, and for a temporary restraining order, temporary injunction, and permanent injunction designed to restrain Mrs. Bratcher from interfering with or molesting a surveyor from surveying the land in controversy. The trial court issued the restraining order as prayed for, and set a show-cause hearing thereon for July 6, 1971 at 10:00 A.M.

This suit was filed on June 25, 1971, and Mrs. Bratcher was served with a regular citation and with a certified copy of the restraining order and show cause notice on June 28, 1971. She did not appear at the show cause hearing of July 6, 1971, and a temporary injunction was ordered by the

trial court along the same lines as the temporary restraining order.

Mrs. Bratcher had until Monday, July 19, 1971 (as appearance day) in which to file an answer; however, she did not file an answer until October 1, 1971, as is more particularly hereinafter pointed out.

Mr. Sherman filed a contempt action against Mrs. Bratcher on August 24, 1971, alleging in effect that she had violated the temporary injunction by her and her son running the surveyor off the land in dispute, the surveyor having been sent there by Mr. Sherman in an effort to survey out the line or lines in dispute. The trial court set this contempt hearing for September 3, 1971 at 2 P.M.; and Mrs. Bratcher was timely served concerning the same.

Then on September 2, 1971, the plaintiff Mr. Sherman came into court and took a default judgment in the suit on its merits against the Defendant Mrs. Bratcher for title and possession of the land in controversy, and for a permanent injunction along similar lines as the temporary injunction.

The next day, which was September 3, 1971 at the time appointed for the contempt hearing, the Defendant Mrs. Bratcher and her son appeared in court but without an attorney. Both sides appeared before Hon. A. R. Stout, sitting as District Judge of the District Court of Ellis County, on which occasion Judge Stout in open court carefully explained to Mrs. Bratcher and her son that a default judgment had been taken against her the day before concerning title and possession of the land in dispute, and the consequences thereof, and that it was in her best interests to secure the services of an attorney. To these admonitions she and her son indicated to the court that they did not think they needed an attorney; whereupon the court proceeded with the contempt hearing, at the conclusion of which Mrs. Bratcher was adjudged to be in contempt of court. The punishment was assessed at three days in jail and $100.00 fine, with the provision that no commitment issue unless she committed an-

other or further violation of the injunction. This order was entered September 29, 1971.

Mrs. Bratcher filed her first pleadings in the cause on October 1, 1971, on which date she caused a Defendant's Original Answer and an Original Motion for New Trial to be filed by an attorney. Both the Answer and the Motion were verified, and a copy of the answer was attached to the Motion for New Trial. The Motion for New Trial was overruled on the same day as filed, from which action of the trial court the Defendant Mrs. Bratcher prosecutes this appeal.

Appellant-Defendant Mrs. Bratcher contends that the trial court erred in overruling her Motion for New Trial, saying she presented an excuse for failure to file an answer timely, and that she set up several meritorious grounds for defense in her answer and motion for new trial. We overrule appellant's contentions and affirm the action of the trial court.

The rule governing this case has been enunciated by the Supreme Court in Craddock v. Sunshine Bus Lines, Inc. (1939) 134 Tex. 388, 133 S.W.2d 124 as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

In Ivy v. Carrell (Tex.1966), 407 S.W.2d 212, Chief Justice Calvert in discussing the above rule in *Craddock*, makes clear that the defendant is not required to *prove* a meritorious defense, but is merely required to *set up* a meritorious defense in his motion for new trial, and this means allegation of *facts* as opposed to *conclusions* to the effect that the defendant has a meritorious defense; and further that defend-

ant's motion must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.

In the case at bar, appellant contends that her sworn original answer (attached to her sworn original motion for new trial) is sufficient support for her motion as an "affidavit" to set up a meritorious defense. The allegations in her original answer do contain allegations of fact matters which would appear to set up a prima facie meritorious defense; however, this standing alone is not sufficient to entitle Appellant to the relief she seeks. We emphasize that we are not deciding the sufficiency of the attached sworn answer of Defendant attached to the Motion for New Trial as an "affidavit" to support the motion, because passing upon this matter is not essential to a disposition of this case.

Here, a default judgment was entered forty-five days after Defendant's time for filing an answer had expired, and after she had been served with two show-cause orders in this same cause.

This fact coupled with the trial court's warning to her and her son in open court on September 3, 1971, (the day after default judgment was entered against her) as hereinabove set out, and her response thereto, evidenced clearly that her failure to file an answer was not due to a mistake or accident, but on the contrary was the result of conscious indifference on her part, and was intentional.

Had the Appellant-Defendant heeded the trial court's admonition as above set out, she would have still had time to have hired an attorney and filed her original motion for new trial within the ten-day period immediately following the date of entry of judgment, as required by subsection (1) of Rule 329b, Texas Rules of Civil Procedure.

We believe the trial court did not err, but acted properly in overruling Appellant-Defendant's Motion for New Trial, and we accordingly affirm.

Affirmed.