**Lois ANDERSON and husband, Raymond D. Anderson, Appellants,**

**v.**

**Frances DAVISON and husband, V. O. Davison, Appellees.**

**No. 8080.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 29, 1972.

Rehearing Denied May 2, 1972.

Raymond Anderson, Texarkana, for appellants.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellees.

RAY, Justice.

Appellees (Plaintiffs), Frances Davison and husband, V. O. Davison, filed a suit in the nature of a Bill of Review in the District Court of Bowie County to set aside a judgment previously rendered in favor of Appellants, Lois Anderson and husband, Raymond D. Anderson, on December 1, 1967, in Cause No. 023622. (Such judgment, however, was never introduced into evidence by the Davisons.) The case for Bill of Review was tried to the court without the aid of a jury, and the court found that the Davisons had not been properly served with citations and were given no notice of the setting of Cause No. 023622, and that the Davisons had a valid defense. Based upon these findings, the trial court granted the Bill of Review and ordered the judgment in Cause No. 023622 set aside and held for naught.

The Appellants submit six points of error for review by this court.

■ Appellants' first point of error is stated as follows:

"The 102nd Judicial District Court erred in hearing the case for Bill of Review and entering judgment therein because exclusive jurisdiction was in the Fifth Judicial District."

We find no merit in Appellants' first point of error because the record clearly indicates that the Judge of the 102nd Judicial District Court was sitting for the Judge of the Fifth Judicial District Court by request of the Judge of the Fifth Judicial District. By special act of the 61st Legislature, these courts have concurrent jurisdiction in Bowie County. See Chapter 363, Acts of the 61st Legislature, Regular Session, pp. 1115–1117. See also Article 1919, Sec. 2, Vernon's Ann.Texas Revised Civil Statutes as amended by the 61st Legislature and Rule 330(e), Tex.Rules of Civil Procedure. Appellants' first point of error is overruled.

The second point of error urged by Appellants is as follows:

"The court erred in granting the Bill of Review because Plaintiffs' (Appellees) first amended petition for Bill of Review failed to state a cause of action."

Point of Error No. 4 complains that,

"The court erred in finding that Frances Davison and V. O. Davison had a valid defense to Cause No. 023622."

The substance of these two points of error is that no evidence was presented by the Davisons which would set up or sustain a finding that they had a valid defense to the Anderson suit in Cause No. 023622. Since Points of Error 2 and 4 present the same question, we will consider them together.

■ The only pleading relative to a valid defense is that covered in paragraph "V" of Plaintiffs' First Amended Petition for Bill of Review which states,

"Plaintiffs allege that they have a valid defense to said suit, and that such Bill of Review should be granted so that said defense may be presented to said Court."

These allegations are insufficient to set up a meritorious defense. Bratcher v. Sherman, 474 S.W.2d 807, 808 (Tex.Civ.App. Waco 1971, no writ).

On direct examination, the only testimony offered by Frances Davison, relative to a meritorious defense, was the following:

"Q. And do you have a valid defense to that action?

A. Sir?

Q. You have a defense to that action why he should not get a judgment against you?

A. Yes, sir."

The testimony of V. O. Davison, relative to a valid defense, is as follows:

"Q. And did you have a valid defense against any action against you personally, individually?

A. No, sir.

Q. Did you understand my question, would you have a defense?

A. On, yes, sir.

Q. And you don't feel that you are liable, is that what you were going to say?

A. No, sir."

The Court remarked: "I think out of an abundance of, if nothing else, outright fairness and fair play, I think the case in view of all circumstances connected with it, I think that it should be tried before a jury. I think if a jury assesses damages, and I am convinced a jury will assess some damages, I don't know how much."

The pleadings and the evidence offered by Appellants do not support a finding by

the trial court that a valid defense was presented by the Davisons, especially in view of the court's comment that he thought a jury would assess damages. The record reflects that the trial judge had tried an assault case involving Frances Davison and in which Lois Anderson was the prosecuting witness. In the criminal case it was alleged that Frances Davison had attacked Lois Anderson, a school teacher, during school hours at the school, and had inflicted serious bodily injuries to Mrs. Anderson. The record further discloses that Mrs. Davison was found guilty of the charges against her.

■ The law is now well settled in Texas that, in a case of a direct attack by a suit in the nature of a Bill of Review upon a judgment valid upon its face where the allegations are that the judgment had been taken without citation properly served upon the defendant, two things must be alleged and proved:

1. That the Defendant was not in fact served with citation or that the citation was legally insufficient to require the Defendant to answer; and,

2. That the Defendant had a meritorious defense.

In Farmers' State Bank of Burkburnett v. Jameson, 11 S.W.2d 299 (Tex.Com.App. 1928) at p. 303, the court states in reviewing the Court of Civil Appeals' opinion (299 S.W. 458) that the Court of Civil Appeals had erred by holding that the only proof required was that the Defendant had not been served with citation. The Commission of Appeals held that a meritorious defense must also be alleged and proved in order to set aside a judgment upon direct attack by way of a Bill of Review. This same rule is again stated in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) as follows:

"In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him *and*

that he has a meritorious defense to the suit. Our decisions require that the two issues be tried together so that the court may render a new final judgment. Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473, 474; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963, 964."

See Eagle Life Ins. Co. v. George, 473 S.W.2d 311 (Tex.Civ.App. Beaumont, 1971, writ refused).

In Texas Employers' Insurance Association v. Arnold, 126 Tex. 466, 88 S.W.2d 473 (1935), the Court approves the rule laid down in Humphrey v. Harrell, supra, which is stated as follows:

"The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in the trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding."

See Brown v. Clippenger, 113 Tex. 364, 256 S.W. 254 (1923), and Texas Machinery and Equipment Company v. Gordon Knox Oil and Exploration Company, 442 S.W.2d 315 (Tex.Sup.1969), for the proposition that a litigant seeking to have a final judgment set aside in a Bill of Review must first allege and prove a meritorious defense to the action in which the former judgment was rendered.

In view of the Davisons' failure to plead and prove facts which would establish a valid defense to the judgment rendered against them in Cause No. 023622, we must sustain Appellants' Points of Error 2 and 4. Failure to plead facts and present evidence of a meritorious defense is fatal to the Davisons' suit for a Bill of Review.

In view of our holding that the Davisons failed to present a meritorious defense to Cause No. 023622, we need not consider Appellants' other points of error.

The judgment of the Trial Court is reversed and judgment rendered that appellees take nothing.

Reversed and rendered.