**Manuel DOSAMANTES, Appellant,**

v.

**June Ball DOSAMANTES, Appellee.**

**No. 8170.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 11, 1973.

Rehearing Denied Oct. 9, 1973.

Eugenio Cazorla, Hernandez, Cazorla & Alexander, Dallas, for appellant.

T. R. Florey, III, Florey & Florey, Mt. Pleasant, for appellee.

CORNELIUS, Justice.

This is a bill of review proceeding seeking to set aside a judgment of divorce. On June 20, 1963, appellant Manuel Dosamantes, a Mexican citizen, married appellee June Ball Dosamantes, a United States citizen, in Mexico. A child was born to the parties on February 16, 1965. On April 23, 1966, the appellee left Mexico, taking her child with her and moved to Mount Pleasant, Texas. On April 13, 1967, appellant filed suit for divorce in Mexico and sought custody of the child. On April 25, 1967, appellee was served with process in this Mexican divorce action through the Mexican consul in Dallas who had jurisdiction over the area which included Titus County. On April 27, 1967, appellee filed her petition for divorce in the District Court of Titus County, Texas.

A nonresident notice was issued to appellant and service was attempted by one Enrique G. Alcantara. The evidence is conflicting as to the exact manner of attempted service. Alcantara, in interrogatories taken in another judicial proceeding, asserted that he took the papers to appellant's home; that when a man came to the door he tried to "deliver the papers to him in English," but the man said he was Manuel Dosamantes and refused to receive them; that upon ringing the door bell again a maid appeared and he gave them to her; that she handed them back to him and left, and he thereupon placed them under the door. Appellant denied having refused service and asserted only that sometime in June of 1967, he found a nonresident notice lying on the floor at the entrance of his home. After having the papers translated into Spanish, he discovered that they related to the Titus County divorce action. By having a letter rogatory delivered from the Mexican Court to the District Court of Titus County, appellant attempted to have that court decline jurisdiction. At the time this letter rogatory was delivered however, judgment for appellee had already been entered by the Titus County District Court, granting her a divorce and awarding her custody of the child, and since more than thirty days had elapsed from the date of its entry it had become final and the trial court had lost jurisdiction. Thereafter, on November 23, 1967, the Fourth Court of Mexico, DF granted appellant a divorce in his suit pending there and awarded him custody of the child. Being unable to enforce his Mexican judgment of divorce, appellant filed this bill of review in the District Court of Titus County, seeking to set aside appellee's divorce judgment. On a trial to the court it was held that appellant was properly served with citation in the Titus County divorce suit and that he failed to allege and prove a meritorious defense to the judgment, and the bill of review was denied.

The appeal presents five points of error. These points contend in substance that the

trial court erred in concluding that it had jurisdiction to grant appellee a divorce in the original suit she filed in Titus County; in concluding that appellant was properly served with process in that action; and in concluding that appellant did not sustain his burden in the bill of review action to allege and prove a meritorious defense.

## JURISDICTION

It is urged that the District Court of Titus County lacked jurisdiction to grant appellee a divorce, irrespective of whether or not appellant was properly served, because the jurisdiction of the Texas court could not extend beyond Texas' territorial borders to affect the rights or the status of a citizen of Mexico.

 Historically, it has been recognized that a state court in the United States has the jurisdiction to determine or alter the status of a marriage relationship when one of the parties thereto is a domiciliary of that state, even though the other party thereto is a nonresident or a citizen of another state. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654, 27A C.J.S. Divorce § 71, p. 246; 27A C.J.S. Divorce § 73, pp. 250, 251. The basis for this power is that domicile in itself creates a relationship to the state which is sufficient for the exercise of state power. It has been said that domicile implies a nexus between person and place of such permanence as to authorize the control of the legal status, relationships and responsibilities of the domiciliary. The state, as sovereign, has an important and legitimate interest in the marital status of persons domiciled within its borders and consequently, it may determine, regulate and alter that status. As held by the United States Supreme Court in the case of Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279:

"Thus it is plain that each state by virtue of its command over its domiciliaries and its large interest in the institution of marriage can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent."

 Divorce actions are not mere in personam actions, but are quasi in rem. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279. In such cases the court is not exercising personal jurisdiction over the nonresident, but is exercising jurisdiction over the subject matter— that is, the marital status of its citizen. Thus, in this case Texas was not attempting to extend its laws so as to give them extraterritorial effect in Mexico. Rather, it was exercising jurisdiction over the legal status and relations of its own citizen. The fact that such action affects a citizen of another sovereign does not prevent the exercise of such power any more than the exercise of jurisdiction over a true "res" located within the borders of the acting sovereign would be prohibited simply because the adjudication affects the rights of nonresidents of whom the sovereign has no personal jurisdiction.

Most of the cases decided on this question involve divorces where one of the parties is a citizen of another state of the United States, but the rule applies with equal force when the nonresident is a resident of a foreign nation. Risch v. Risch, 395 S.W.2d 709 (Tex.Civ.App., Houston 1965, dism'd).

## SERVICE OF PROCESS

 Rule 106 of our Rules of Civil Procedure provides that process shall be served by delivery of a true copy of the citation to the party cited, *in person*. Rule 108 makes this procedure applicable to nonresident notices. In this case the evidence, at the most, shows that the nonresident notice was pushed under the door at the

home of appellant. Standing alone, such service would not be sufficient to comply with Rule 106. Maiden v. Faris, Brown and Calder, Dallam's Tex.Rep. 535; Franks v. Montandon, 465 S.W.2d 800 (Tex.Civ.App., Austin 1971, no writ); Shaw v. Allied Finance Company, 330 S. W.2d 690 (Tex.Civ.App., Dallas 1959, rev. other grnds); Sindorf v. Gen-Tex. Supply Co., 172 S.W.2d 775 (Tex.Civ.App., El Paso 1943, no writ); Neal v. Roberts, 445 S.W.2d 58 (Tex.Civ.App., Houston 1st, 1969, no writ); Broussard v. Davila, 352 S.W.2d 753 (Tex.Civ.App., San Antonio 1961, no writ). Generally, *one who is within the jurisdiction* has the obligation to accept service of process when it is reasonably attempted. He is usually held to have been personally served if he physically refuses to accept the papers and they are then deposited in an appropriate place in his presence or near him where he is likely to find them, *if he is also informed of the nature of the process and that service is being attempted.* 72 C.J.S. Process § 34c, p. 1043 and cases there cited; Peoples Trust Co. of Bergen County v. Kozuck, 98 N.J.Super. 235, 236 A.2d 630 (1967); Walkoczy v. Bowers, 146 A. 34 (Sup.Ct. New Jersey 1929); Haney v. Olin Corp., 245 So.2d 671 (Ct. of App. Florida 4th Dist. 1971). In view of the evidence here and especially since delivery was attempted in English while appellant speaks only Spanish and the server was not an officer authorized under Mexican law to serve process of that country, we do not believe that this case comes within the exception above noted.

When the required personal service is impractical, the rule allows substituted service by leaving the notice and the petition at the usual place of business of the cited person, or by leaving same with any person over sixteen years of age at said parties' usual place of abode. These methods of service are only allowed, however, when authorized by the court upon proper motion. When so authorized, the directions of the court must be strictly and carefully followed. Broussard v. Davila,

supra. In this case it does not appear that there was any motion or order concerning substituted service. We therefore conclude that the appellant was not properly served under Rules 106 and 108. However, this error does not require reversal, in view of appellant's failure to plead and prove in his bill of review proceeding that he had a meritorious defense to the original divorce action.

## MERITORIOUS DEFENSE

■ When the time for filing a motion for new trial has expired and relief may no longer be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a judgment rendered in a case by a court having the jurisdictional power to render it. Included in that category are cases where the judgment is claimed to be void for want of service or of valid service of process. McEwen v. Harrison, 162 Tex. 125, 345 S. W.2d 706 (1961). The District Court of Titus County had the jurisdictional power to render the judgment in question here. That judgment was later attacked because of the lack of proper service of process. Consequently, a proceeding in the nature of a bill of review was the proper procedure for appellant to follow in order to seek to have that judgment set aside.

■ The law is now clear that in a bill of review proceeding such as we have here, the appellant, in order to gain relief from the questioned judgment, must plead and prove not only the invalidity of the judgment, but also that he has a meritorious defense to the original cause of action which resulted in the judgment. McEwen v. Harrison, supra; Farmers' State Bank of Burkburnett v. Jameson, 11 S.W.2d 299 (Tex.Com.App.1928, opin. adpt.); Anderson v. Davison, 479 S.W.2d 691 (Tex.Civ.App., Texarkana 1972, ref'd, n. r. e.). Otherwise, as said by Chief Justice Calvert in McEwen v. Harrison, supra: "The setting aside of the judgment would be a vain act and a trespass on the time of the court."

The burden resting on the proponent in a bill of review is much more onerous with respect to the meritorious defense than the burden resting on a defendant filing a motion for new trial seeking to set aside a default judgment. In such a motion for new trial the movant must as to the meritorious defense, only "set up" the defense, meaning that he must allege facts which in law would constitute a defense to the cause of action and must support such allegations by affidavits or other *prima facie* proof. If he does so, the questioned judgment is merely set aside and the original cause of action is set down for a new trial on the merits. In a bill of review, however, unless a severance or separate trial of issues is ordered pursuant to the rules, *there is only one trial,* and in such trial the proponent must not only allege but must also prove a meritorious defense. Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup. 1966). Unless ordered pursuant to the rules it is not contemplated or permitted that the matter shall be tried piecemeal— one action in which judgment is rendered setting aside the former judgment, and another action in which the trial on the merits is held—but the alleged invalidity of the judgment, as well as the meritorious defense to the original cause of action, must be disposed of in the one proceeding with a new final judgment being entered which disposes of the entire case. Texas Employers' Insurance Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473 (1935); Wise v. Lewis, 23 S.W.2d 299 (Tex.Com.App. 1930, opin. adpt.); Palmer v. D. O. K. K. Benevolent & Insurance Ass'n, 160 Tex. 513, 334 S.W.2d 149 (1960); Warren v. Walter, 409 S.W.2d 887 (Tex.Civ.App., Tyler 1966, ref'd, n. r. e.); Anderson v. Davison, supra; Clay Lumber Co. v. Patterson, 28 S.W.2d 825 (Tex.Civ.App., Eastland 1930, no writ).

In the trial of this bill of review proceeding there was no evidence or attempted proof whatsoever that appellant had a meritorious defense to the original cause of action, or that the result would have been different in any event. The only proof attempted was that the court lacked jurisdiction of appellant, a Mexican citizen, and that he was not properly served with process. These were directed only to the validity of the judgment and they do not constitute evidence of a meritorious defense to appellee's cause of action. Appellant urges that he could show desertion and recrimination, and that these would constitute a meritorious defense to appellee's cause of action. If so, it was incumbent upon appellant to prove these matters at the trial of the bill of review. He had both the opportunity and the obligation to do so at that time. Since he failed to do so, he failed to sustain his burden on the bill of review action and the previous judgment must stand.

For the reasons stated, the judgment of the trial court is affirmed.