



# MEMORANDUM OPINION

No. 04-11-00686-CV

**RED HOT ENTERPRISES LLC**, a/k/a Red Hot Signs Printing and Promotional,
and Charles Patrick Jackson,
Appellants

v.

**YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC.**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 362236
Honorable Jason Pulliam, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:         Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED AS REFORMED

Red Hot Enterprises, LLC, a/k/a Red Hot Signs Printing and Promotional ("Red Hot")

and Charles Patrick Jackson appeal from a no-answer default judgment in a suit on a sworn

account by Yellow Book Sales and Distribution Company, Inc. ("Yellow Book").  We affirm the

trial court's judgment, but reform the pre- and post-judgment interest rate to 5% per annum.

## BACKGROUND

On September 10, 2010, Yellow Book filed suit on a sworn account against Red Hot and Jackson alleging they contracted for, and failed to pay for, goods or services provided during the usual course of business; it raised alternative claims of breach of contract and quantum meruit. Yellow Book attached an affidavit and verified statement of account to its petition. Yellow Book sought to recover the unpaid account balance of $11,936.38, plus accrued interest on the debt, reasonable attorney's fees, and pre- and post-judgment interest. Neither Red Hot nor Jackson made an appearance or filed an answer. On March 23, 2011, the trial court rendered a default judgment awarding Yellow Book $11,936.38 as the principal amount owed, plus $3,580.91 in attorney's fees, and pre-judgment and post-judgment interest at 18% per annum. Red Hot and Jackson now present this restricted appeal challenging the service of process, and the awards of attorney's fees and pre- and post-judgment interest.

## ANALYSIS

To prevail on a restricted appeal, an appellant must demonstrate: (1) it filed notice of restricted appeal within six months after the date the judgment was signed; (2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The only element in dispute in this case is whether there is error apparent on the face of the record. Appellants assert the return of citation

in the record does not show that Jackson was personally served with citation, and therefore the trial court lacked personal jurisdiction over Jackson.[1]

Strict compliance with the rules governing service of citation must affirmatively appear on the record for a default judgment to be sustained on appeal. *Lejeune*, 297 S.W.3d at 255; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). In reviewing a default judgment, the court may not make any presumptions in favor of valid issuance, service, and return of citation. *Primate Constr.*, 884 S.W.2d at 152; *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007). Failure to comply with the rules of service constitutes error on the face of the record which invalidates a default judgment. *Primate Constr.*, 884 S.W.2d at 153.

Here, the return of service in the record affirmatively shows strict compliance with the rules for service of citation. *See* TEX. R. CIV. P. 16, 106, 107. The return of service for Jackson states that a true copy of the citation along with the plaintiff's original petition was delivered to Charles Patrick Jackson, in person, at 8332 Highland View, Universal City, Texas, 78148, at 7:55 a.m. on September 22, 2010; the return was signed and verified by a private process server. *See* TEX. R. CIV. P. 107. The return also contains a handwritten note stating that, "Mr. Jackson refused service … Put on front porch." The return constitutes prima facie evidence of the facts recited, and the recitations "carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Primate Constr.*, 884 S.W.2d at 152. Considering the return in its entirety, together with the citation, and giving it a "fair, reasonable and natural construction," its plain intent and meaning is that, upon being informed of the nature of the process and that service was being attempted, Jackson refused to accept the process papers. *See*

---

[1] Appellants concede that Red Hot was personally served with citation by and through its registered agent, Dawn Jackson, in person, at 8332 Highland View, Universal City, Texas, 78148, and the return of service in the record supports this fact.

*Brown-McKee, Inc. v. J.F. Bryan and Assocs.*, 522 S.W.2d 958, 959 (Tex. Civ. App.—Texarkana 1975, no writ).

In their brief, appellants speculate that the process server could have put the citation on a different front porch other than where Jackson was present, Jackson could have refused service over the telephone instead of in person, or the citation could have been put on the front porch at a different time than when the process server communicated with Jackson; thus, the record does not affirmatively show Jackson was personally served. There is nothing in the record, however, to corroborate any of these speculative statements; thus, they are not sufficient to rebut the prima facie evidence of the return's factual recitations. *See Primate Constr.*, 884 S.W.2d at 152.

Generally, a person within the jurisdiction of a court has an obligation to accept service of process when it is reasonably attempted. *Rogers v. Moore*, No. 05-05-01666-CV, 2006 WL 3259337, at *1 (Tex. App.—Dallas Nov. 13, 2006, no pet.) (mem. op.); *Dosamantes v. Dosamantes*, 500 S.W.2d 233, 237 (Tex. Civ. App.—Texarkana 1973, writ dism'd). A defendant who refuses to physically accept the process papers is held to have been personally served as long as the return affirmatively shows the papers were "deposited in an appropriate place in his presence or near him where he is likely to find them," and he was "informed of the nature of the process and that service is being attempted." *Rogers*, 2006 WL 3259337, at *1; *Dosamantes*, 500 S.W.2d at 237. A defendant's refusal to accept the process papers goes to show his awareness of the nature of the process and that service of process is being attempted. *See Davis v. Ross*, 678 S.W.2d 636, 638-39 (Tex. App.—Houston [14th Dist.] 1984, no writ) (assuming that defendant was aware that service of process was being attempted based on officer's statement in return that he attempted to serve the defendant, but defendant refused to accept the papers); *see also Tex. Indus., Inc. v. Sanchez*, 521 S.W.2d 133, 135-36 (Tex. Civ.

App.—Dallas), *writ ref'd n.r.e.*, 525 S.W.2d 870 (Tex. 1975) (holding evidence must show defendant was informed of nature of the process and that service was being attempted, and recognizing that active avoidance of service indicates that defendant recognized service of process was being attempted). The return in this case shows that Jackson refused to accept the process papers, indicating he was aware of the nature of the process and that service was being attempted; placement of the papers on the front porch, even if not in his presence, was an appropriate location where he was likely to find them. *See Rogers*, 2006 WL 3259337, at *1; *Dosamantes*, 500 S.W.2d at 237. Proper service being affirmatively shown, there is no error on the face of the record.

Red Hot and Jackson also challenge the award of attorney's fees and pre-judgment and post-judgment interest, arguing there is insufficient evidence to support the awards. We disagree. First, by failing to file an answer, appellants admitted all the material facts alleged in Yellow Book's petition, except for the amount of any unliquidated damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Second, Yellow Book pled for and, as the prevailing party, was entitled to recover reasonable attorney's fees under statute as well as under the terms of the contracts. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(7), (8) (West 2008) (providing for recovery of attorney's fees in a suit on a sworn account or a breach of contract action). Four written contracts make up the Red Hot/Jackson account with Yellow Book; the contracts were attached to Yellow Book's petition and are therefore in the record. In the event collection on the account is necessary, each contract expressly authorizes recovery of reasonable attorney's fees of either 25% or 33%, based on the contract, calculated on "the amount of the unpaid account balance (plus interest accrued thereon)." Counsel for Yellow Book filed an affidavit stating that he is a licensed attorney and familiar with customary attorney's fees in the

area and that, "a 30% contingency fee, which in this case is $3,580.91, is a usual and customary fee. $3,580.91 is a reasonable fee for services necessary for the prosecution of this lawsuit, considering the time involved, level of experience applied to this case and required for handling of this matter and the particular nature of this litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.003, 38.004 (West 2008). The default judgment awards $3,580.91 in attorney's fees, i.e., 30% of the unpaid principal balance of $11,936.38. Based on counsel's uncontroverted affidavit and the contracts forming the basis of the sworn account, there is sufficient evidence in the record to support the award of $3,580.91 as reasonable attorney's fees in this case. *See Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 517-18 (Tex. 1999).

Finally, Red Hot and Jackson assert that because Yellow Book's petition did not request 18% interest, and the contracts do not charge 18% interest, there is insufficient evidence to support the award of pre- and post-judgment interest at the rate of 18%. Yellow Book pled for "accrued and unpaid interest on the debt before maturity," and "pre-judgment and post-judgment interest on the matured, unpaid debt at the highest legal or contractual rate allowed by law." The default judgment awards 18% interest "on the principal amount of $11,936.38 from 02/01/2010 until the date this judgment is signed," as well as 18% interest "on the entire judgment from the date said judgment is signed until such judgment is fully and finally paid." As the contracts do not specify an interest rate, only a monthly late charge, the trial court was authorized to award pre-judgment and post-judgment interest based on the statutory rate. *See* TEX. FIN. CODE ANN. § 304.003 (West 2006); *ExxonMobil Corp. v. Valence Op. Co.*, 174 S.W.3d 303, 319 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Although section 304.003 expressly applies to post-judgment interest rates, pre-judgment interest is computed at the same statutory rate. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998);

*Tips v. Hartland Developers, Inc.*, 961 S.W.2d 618, 624 (Tex. App.—San Antonio 1998, no pet.). We may take judicial notice of the correct, published interest rate on appeal. *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994). The applicable post-judgment interest rate on the date the default judgment was signed was 5% per annum. *See* Judgment Rate Summary, http://www.occc.state.tx.us/pages/int_rates/Index.html (last visited July 11, 2012). Therefore, we affirm the award of pre- and post-judgment interest, but reform the interest rate for both to the correct statutory rate of 5% per annum.

Based on the foregoing reasons, we affirm the trial court's judgment as reformed.

Phylis J. Speedlin, Justice