# Supreme Court of Texas

No. 22-0242

Eve Lynn Baker,

*Petitioner*,

v.

Terry Lee Bizzle,

*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

JUSTICE LEHRMANN, joined by Justice Busby and Justice Young, concurring.

The parties present the Court with a binary option: either the trial court's email to the parties before Baker's death qualified as a rendition of judgment dividing the parties' marital estate and the divorce decree should be affirmed in its entirety, or the email did not qualify as a rendition and the court of appeals correctly dismissed the entire divorce action as moot. The Court agrees with Bizzle and the court of appeals and dismisses the entire divorce action as moot. I too agree with Bizzle's premise—the email was not a public announcement of the trial court's decision and thus did not suffice as a rendition with

respect to the property division. Further, I agree with the Court that Baker's death mooted the need for a just-and-right division of the marital property. *Ante* at 14.

However, I would add that the parties' marital status, orally pronounced by the trial court *before* Baker's death, became final upon her death. The law does not, and we should not, mandate the retroactive "undoing" of this status adjudication. However, neither party sought a judgment solely on the parties' status; in fact, both parties took the position at oral argument that the status adjudication of a divorce and the property division incidental to a divorce are inseverable and that the status adjudication could not survive Baker's death without a property division. Thus, it would be improper for the Court to grant such relief. I therefore concur in the Court's judgment and join its opinion, but I write separately on this important issue. As discussed below, when a trial court with jurisdiction grants a divorce but later loses jurisdiction to divide the marital estate, the judgment of divorce may remain intact despite the dismissal of the collateral issues.

## I

A suit for dissolution of marriage presents several issues for resolution by the trial court, including the status of the parties, *see* TEX. FAM. CODE §§ 6.001–.007, and a "just and right" division of the marital property, *see id.* § 7.001.[1] When a party to a divorce proceeding dies

---

[1] If necessary, issues involving child conservatorship and support obligations are also a mandated part of a divorce proceeding. TEX. FAM. CODE § 6.406(b) ("If the parties are the parents of a child, . . . and the child is not

before the trial court has resolved any of those issues, the unsurprising result is dismissal on mootness grounds. *Whatley v. Bacon*, 649 S.W.2d 297, 298 (Tex. 1983). But what happens if a party dies *after* the trial court has expressly rendered judgment on the status question? Although that order is technically interlocutory because it does not dispose of all claims and all parties, the status adjudication is finalized, rather than subject to dismissal, by one party's death.

Conceptually, it helps to sort the pertinent "claims" in a divorce into two buckets: the first encompasses the adjudication of the parties' legal status (i.e., their status as married or divorced), and the second encompasses collateral matters (i.e., property division and SAPCR issues). The Family Code understandably requires the issues in both buckets to be addressed in a final decree. *See* TEX. FAM. CODE § 7.001. Without a division of the marital estate, the property is left without clear legal ownership—bad for the parties and bad for society. The two buckets are bound together in the Family Code because it would be both inefficient and impractical to allow parties to be divorced without a clear grasp of who owns what.

Those practical considerations fall away when a party dies after the rendition of divorce but before the rendition of the property division. In that case, the deceased party's estate immediately vests in her

---

under the continuing jurisdiction of another court . . . , the suit for dissolution of a marriage must include a suit affecting the parent–child relationship . . . ."). A Suit Affecting the Parent-Child Relationship ("SAPCR") was not necessary in the divorce proceeding at issue.

3

devisees or heirs.[2]  *See* TEX. EST. CODE §§ 101.001–.002.  And the deceased party's status as married or divorced at the time of death can have a significant effect on distribution of her estate.  For example, if a person gets divorced after making a will, then the will's provisions are read as if the former spouse had failed to survive her, unless the will expressly provides otherwise. *Id.* § 123.001(b)(1).  A divorce also revokes provisions in certain trust instruments executed by the deceased person before the divorce.  *Id.* § 123.052.  Intestacy laws apply differently depending on whether the deceased person left a surviving spouse. *Id.* § 201.001–.003.  Nontestamentary assets are likewise affected; the Family Code places conditions on the validity of a provision in a life insurance policy issued before a divorce naming the former spouse as a beneficiary.  TEX. FAM. CODE § 9.301.

We stated in *Dunn v. Dunn* that a spouse's death following rendition of a divorce judgment does not moot the case, which may be appealed, because "the property rights of the parties would be significantly affected depending upon whether the marriage was held to have been terminated by divorce decree or by death."  439 S.W.2d 830,

---

[2] Because the parties' community property is not divided in the divorce in this scenario, they may be treated as tenants in common or joint owners of that property for purposes of evaluating the deceased party's estate.  *See S.C. v. M.B.*, 650 S.W.3d 428, 440 (Tex. 2022); *see also Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970) ("It is well settled that where, as here, a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof.").  While the Family Code contains an alternative mechanism for obtaining a just and right division of property not divided in the original divorce decree, *see* TEX. FAM. CODE § 9.201, as noted, the need for such a division is mooted when one of the parties dies, as happened here; thus, Section 9.201 is not implicated.

834 (Tex. 1969) (noting that either the living spouse or a representative of the deceased spouse could have attacked the judgment for error under the predecessor to Texas Rule of Appellate Procedure 7.1(a), which provides that "[i]f a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive"). Although the spouse in *Dunn* died after the trial court had divided the property, our reasoning for rejecting mootness in that case applies equally to the situation before us, where a spouse died after the rendition of divorce but before rendition of the property division.

Further, although divorce and property-division claims are inseverable for some purposes, they are not inseverable for all purposes. In *Dawson-Austin v. Austin*, we addressed the not-uncommon situation in which the trial court presiding over a divorce proceeding lacks personal jurisdiction over one of the spouses. 968 S.W.2d 319 (Tex. 1998). The trial court denied the wife's special appearance and signed a final decree, and the court of appeals affirmed. *Id.* at 321. In this Court, the husband argued in pertinent part that the special appearance was properly denied because it was "well settled in this State that the division of a marital estate is not a claim severable from the rest of a divorce proceeding." *Id.* at 324. Thus, he contended, the wife's special appearance to an inseverable portion of the proceeding constituted a general appearance. *Id.*

We rejected that categorical understanding of the so-called "well settled" rule, noting that the cases cited for complete inseverability of a

5

divorce adjudication and division of the marital estate all did so in the context of Texas Rules of Civil Procedure 41 (Misjoinder and Non-Joinder of Parties), 174 (Consolidation; Separate Trials), and 320 (Motion [for New Trial] and Action of Court Thereon). *Id.* In fact, we stated explicitly that "[n]o case holds that claims of divorce and division of property do not involve severable *jurisdictional* issues." *Id.*

To the contrary, we explained, "a court [may] have jurisdiction to grant a divorce—an adjudication of parties' status—without having jurisdiction to divide their property—an adjudication of parties' rights." *Id.* (citing *Estin v. Estin*, 334 U.S. 541, 549 (1948)); *see also* TEX. FAM. CODE § 6.308(a) ("A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority.").[3] In remanding the case, we instructed the trial court to render judgment divorcing the parties and dismissing all other claims for want of jurisdiction. *Dawson-Austin*, 968 S.W.2d at 328. Because the claims involved "severable jurisdictional issues," a judgment granting the divorce but not dividing the property was perfectly valid. *Id.* at 324.

---

[3] This holding is consistent with the well-settled understanding that divorce proceedings implicate both *in rem* and *in personam* jurisdiction. *See, e.g.*, *Dosamantes v. Dosamantes*, 500 S.W.2d 233, 236 (Tex. App.—Texarkana 1973, writ dism'd) ("Divorce actions are not mere in personam actions, but are quasi in rem." (citing *Williams v. North Carolina*, 317 U.S. 287 (1942))). An action *in rem* "determin[es] the status of a thing, and therefore the rights of persons generally with respect to that thing." *In rem*, BLACK'S LAW DICTIONARY (11th ed. 2019); *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 458 (Tex. 2020) ("An *in rem* action affects the interests of all persons in the world in the thing. . . ."). In a divorce proceeding, the "thing" is the marriage, and the trial court adjudicates the status of that marriage.

This case presents a different kind of jurisdictional problem, but in my view, the result is the same. The trial court's pronouncement of divorce should not cease to have legal significance because of the subsequent death of a party. The party's death can and should finalize and sever the judgment of divorce from the mooted remaining issues. As the Court correctly notes, Baker's estate did not go away; it must be distributed to her heirs. *Ante* at 14 n.33. And when a person's status at their death is divorced, their property should be dispersed in accordance with that status.

## II

Divorce proceedings are certainly personal—both in a colloquial and legal sense. Accordingly, the trial court could not divide Baker and Bizzle's marital property pursuant to the Family Code after Baker's death. However, the lack of jurisdiction to divide the marital estate because the claim became moot does not legally or logically invalidate the prior status adjudication of the parties—the trial court had jurisdiction to render the parties divorced and did so. Still, because neither party requested entry of judgment divorcing the parties without a corresponding property division, and neither party requests that we order the trial court to grant such relief, I concur in the Court's judgment.

Debra H. Lehrmann
Justice

**OPINION FILED:** March 1, 2024

7